THE STATE v. BENJAMIN ELLIOTT.

1. INFORMATION.—Under the act of 1866, organizing county courts, an information presented by the county attorney will not be quashed because an affidavit found among the papers, and upon which it is apparently based, does not have the file mark indorsed by the clerk.
2. Nor should such information be quashed for a variance between it and the affidavit on which it was founded.
3. The rules applicable to indictments apply also to informations in determining their sufficiency.

APPEAL from Smith. Tried below before the Hon. Z. Norton.

No briefs filed.

REEVES, ·ASSOCIATE JUSTICE.—This is an information by

the county attorney for Smith county, under the act of 1866, to organize County Courts, and to define their powers and jurisdiction. It was filed in the County Court of Smith county on the 21st January, 1870, and afterwards transferred to the District Court of that county as an undetermined cause on the County Court docket, under the act of August, 1870. At the March term, 1873, of the District Court, the information was quashed by the court on exceptions taken to it by the defendant, from which the State appealed. The defendant excepted to the information for insufficiency, and specially because there was no affidavit or complaint reduced to writing filed with the information; that there is a variance between the affidavit and the information—admitting, however, that there was an affidavit among the papers taken before a justice of the peace on the 21st day of December, 1869—and that the information was filed in the County Court January 21, 1870. It was further objected that the information was uncertain, duplicitous, and made alternative charges and allegations. It does not appear when the affidavit was filed. The clerk certifies that it is on file in his office among the papers in the case of the State of Texas against Benjamin Elliott, giving the number of the case on the docket; and nothing appearing to the contrary, it is not to be presumed that it did not accompany the information when it was filed in January, 1870, though the clerk may have failed to make the proper indorsement of filing. Any justice of the peace of the county was authorized to administer the oath, and the objection seems to be not well taken. There is a variance between the complaint and the information—the first alleging that the assault and battery was made on the complainant Robinson by striking him with a rock weighing about two pounds on the left side of his hand, and the other charging that the assault was made by striking him on the side of his head with a rock weighing three or four pounds. If the objection could

be made available as a defense, it could not arise on exception to the information. But it is not thought to be tenable in any stage of the proceeding. The statute required the information to be in writing, and to comply with article 403 (Pas. Dig., art. 2870) of the Code of Criminal Procedure; also Pas. Dig., arts. 6091–6094, title, "Courts, County," The rules with respect to indictments are applicable to informations. Applying these rules and the provisions of the code to this proceeding, we think there was error in sustaining the defendant's exceptions to the information. It commences, "in the name and by the authority of the State of Texas," and concludes, "against the peace and dignity of the State." The offense is set forth in plain and intelligible words, and in other respects complies with the requisites of the code.

Judgment reversed and cause remanded.

Remanded.