## W. F. Davis *v.* The State.

1. Informations in the County Court.—The act of June 16, 1876, to "organize the county courts and define their powers and jurisdiction," makes the affidavit, not merely a part, but a most important and fundamental part of an information.

2. Same.—The information must charge the same offense as that charged in the affidavit on which it is based; and that offense must be one within the jurisdiction of the county court.

3. Case in Judgment.—Affidavit charging an assault with intent to murder was made before a justice of the peace, who found probable cause for a charge of aggravated assault against the accused, and bound him over for his appearance before the county court. The county attorney filed in the county court an information charging the accused with an aggravated assault. *Held,* that the county court had no jurisdiction.. The offense charged in the affidavit, being a felony, was one of which that court could not take jurisdiction, and was a different offense than that charged in the information; and the information itself, though it charged an offense within the jurisdiction of the court, had no affidavit capable of supporting it.

Appeal from the County Court of Williamson. Tried below before the Hon. W. H. Henderson, County Judge.

The case is stated in the opinion and in the third headnote.

*Makemsom & Fisher,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WHITE, J.   The information in this case charged the accused with an aggravated assault and battery.   The affidavit upon which the information was based charged the accused with an assault with an intent to murder.   There was a plea to the jurisdiction of the county court, upon the ground that the offense, as stated in the affidavit, was a felony, which that court could not hear and determine; and also a motion to quash the information because it stated a different offense from that stated in the affidavit upon which it was based.   This plea and motion were overruled by the court.

The rule of procedure governing such cases at the time this information was brought was that prescribed by section 8 of "An act to organize the county courts and define their powers and jurisdiction," approved June 16, 1876, and which took effect from and after its passage.   Acts Fifteenth Legislature, 20.   It reads as follows: "Prosecutions in the county court may be commenced by information in writing, which information shall comply with Article 403. (Pasc. Dig.; Art. 2870), part iii, title four, chapter three, of the Code of Criminal Procedure, filed with the county clerk by the district or county attorney; which information shall be based upon the affidavit of some credible person, which shall be filed with the information, or by an affidavit made by some credible person before the clerk of the county court, the county judge, or the county or district attorney, or justice of the peace, and filed with the county clerk; upon which an information shall be prepared by the district or county attorney, and filed with the county clerk before the case shall be called for trial, which information or affidavit shall charge the accused with some offense of which the county court has jurisdiction," etc.

The affidavit upon which this information was brought had been made before a justice of the peace, and, as stated

above, charged the accused with an assault with intent to murder, which was a felony, and beyond the jurisdiction of the county court. The justice had treated the case as a felony, and held his investigation as an examining court.

From the language of the statute above quoted, it seems clear that the intention of the legislature was, not only that the affidavit or complaint should form and become a part of the information, but a most important and fundamental part of it. "The information shall be based upon it," is the language used. And again: "The information or affidavit shall charge the accused with some offense of which the county court has jurisdiction."

Paschal's Digest, Article 2871, provides that "An information shall not be presented by the district attorney until oath has been made by some credible person charging the defendant with an offense. This oath shall be reduced to writing and filed with the information," etc. It follows that, if the information must be based upon the affidavit, then the offense stated in the information must be characterized by, and correspond with, that as stated in the affidavit. Any other construction, it appears to us, would be senseless. If this construction be correct, and we think there can be no doubt of it, then there was no affidavit upon which to base an information for an aggravated assault against the defendant. If it be conceded that a county attorney can disregard the offense as stated in the affidavit, in any instance, and thereby of his own notion confer jurisdiction where it does not rightfully belong by authority or law, we can see no limit to the extent to which such power might not be carried in overturning established rules of practice, and subverting the due course of law in the administration of justice.

The case of The State v. Elliott, 41 Texas, 224, is not analogous to the one we are considering.

Taking the affidavit and the information together, the county court had no jurisdiction of the offense with which the defendant was charged.

The county court having no jurisdiction to hear and determine the case, the judgment is reversed and the case is dismissed.

*Dismissed.*