## Louis Jessel v. The State.

No. 1838.    Decided May 31, 1900.
Motion for Rehearing Decided June 20, 1900.

**1. Information—Filing of Complaint—Motion in Arrest.**

Where it appeared that a prior information had been dismssed and a new one brought, but the complaint did not appear to have been filed with said new information; Held, objection that the complaint had not been filed could not be availed of after verdict by motion in arrest of judgment. The objection should have been presented by motion to quash prior to the trial.

**2. Fence-Breaking, etc.—Construction of Statute.**

Article 794, Penal Code, which makes it an offense to injure, etc., the fence of another, relates to inclosed pasture lands as well as cultivated lands.

ON MOTION FOR REHEARING.

**3. Death of Appellant—Abatement—Practice on Appeal.**

On appeal, if it be made satisfactorily to appear by affidavit or otherwise that prior to the affirmance of the judgment appellant had died, a rehearing will be granted and the prosecution ordered dismissed.

APPEAL from the County Court of Victoria. Tried below before Hon. Ben. W. Fly, County Judge.

Appeal from a conviction of breaking, pulling down, etc., the fence of another; penalty, a fine of $25.

No statement required. .

*Fly & Hill,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Under an information charging that appellant did unlawfully break, pull down, and injure the fence of W. A. Wood, he was convicted, and his punishment assessed at a fine of $25.

By bill of exception it is shown that, in cause No. 1814 on the docket of the County Court of Victoria County, complaint and information were filed. When the case was called for trial, it was made to appear that the information was defective; and, upon the refusal of the court to grant leave to amend or substitute a good information in lieu of the defective one, the State was forced to dismiss cause No. 1814, and immediately filed an information in cause No. 1841, charging the same offense as had been charged in No. 1814, but filed no complaint or affidavit in cause No. 1841, as shown by the affidavit of the county clerk attached to the bill of exceptions. Appellant, after conviction, moved the court to arrest the judgment and quash the information for want of a complaint on which to base the same, which was overruled, and a bill reserved. The affidavit of the county clerk shows that the affidavit filed in cause No. 1814 was placed in the envelope containing papers in cause No. 1841; but it is not made to appear when or at what time the affidavit was placed there,—whether contemporaneously with the filing of the information or not. Article 467 provides: "Information shall not be presented by the district or county attorney until oath has been made by some credible person charging defendant with an offense," etc. An information will not be quashed because the affidavit found among the papers, and upon which it is apparently based, does not bear the file mark indorsed by the clerk. State v. Elliott, 41 Texas, 224. Furthermore, appellant did not make a motion to quash the information, prior to the trial, but moved in arrest of judgment. A motion to this effect is of no avail after verdict, and in arrest of judgment. Terrell v. State, 41 Texas, 463. We are apprised of the fact that the foregoing decisions relate to the file mark on indictments, yet the same rule applies with reference to complaints and informations; that is, the lack of a file mark on a complaint or information can only be urged by appellant on motion to quash before the trial, and will not avail him after trial, on motion to arrest the judgment, or motion for a new trial.

Appellant's second assignment contends that the court erred in refusing to instruct the jury to acquit defendant for the reason that it appeared that the fence alleged to have been injured inclosed pasture lands, and did not inclose agricultural products or cultivated lands. We note that appellant, in his brief, concedes that the case of Daley v. State, 40 Texas Criminal Reports, 101, has decided adversely to his contention. However, he attacks the accuracy of this decision. Without reviewing his objections to the decision, we deem it sufficient to say that the point raised is not well taken. Article 794 relates to pasture lands as well as cultivated lands.

His third assignment complains that the court erred in refusing his special charge to the effect that, if appellant broke the wire of the fence unintentionally, he would not be guilty. There is no evidence in the

record authorizing such a charge. The evidence is sufficient to support the finding of the jury, and the judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 20, 1900.

The judgment in this case was affirmed at a previous day of this term, and now comes before us on motion for rehearing. The executor of appellant has filed affidavits showing that appellant died some time prior to the affirmance of the judgment herein. This being true, the motion for rehearing is granted, and the prosecution ordered dismissed.

*Prosecution dismissed.*