## WILL TAYLOR v. THE STATE.

### No. 2514. Decided January 28, 1903.

**1.—Complaint—Signature by Making Mark.**

On a motion for new trial, the complaint was attacked, the objection being that it did not appear to have been signed by the affiant. The purported signature being John $\overset{\text{his}}{\underset{\text{mark}}{}}$ Steele, there being no mark in the blank space. The record shows it was made and sworn to before the county attorney and filed by the justice of the peace. Held, on a motion for new trial regularity is presumed, and it devolved upon the attacking party to show that affiant did not in fact sign his name.

**2.—Same—Failure to File by County Clerk.**

The failure of the county clerk to place his file mark upon the complaint and information must be urged in limine; it can not be availed of after conviction on a motion in arrest or for new trial.

**3.—Local Option—Evidence Sufficient.**

See opinion for facts held sufficient to support a conviction for violating local option in the sale of a liquid shown to be intoxicating.

Appeal from the County Court of Collin. Tried below before Hon. J. H. Faulkner, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The case is sufficiently stated in the opinion.

*T. C. Andrews, Abernathy & Mangum,* and *Jones & Eastham,* for appellant.—It may be, and most likely was, the intention to have the prosecuting witness John Steele sign the complaint herein by mark, but it matters not what the intention of the county attorney and the prosecuting witness was, the requisites to a good complaint must be complied with; that is, ·that the complaint must be signed by affiant by· writing his name, if able to write; if unable to write, then affiant must make his mark. This complaint clearly shows on its face that it was the intention to have affiant make his mark, but failing to do this renders the complaint a nullity and void. See Pierce v̄. State, 17 Texas Crim. App., 232; Code Crim. Proc., art. 466.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at·a fine of $25 and twenty days confinement in the county jail.

Among other things, the motion for new trial attacks the complaint and information (1) because the complaint was not sworn to as required by the statute; and (2) that neither the complaint nor· information were ever filed in the county court. Article 277, Code of Criminal ·Procedure, sets out the requisites of a complaint, the fourth subdivision of which is· that "it must be in writing and signed by the affiant, if he is able to write his name; otherwise he must place his mark at the foot of the complaint." The record shows the complaint was sworn to and

subscribed before the county attorney on the 5th of May, 1902, and on that day filed by W. S. Terrell, justice of the peace of precinct No. 1, Collin County. We find the signature, or what purports to be the signature, to the complaint, in this language: "John <sup>his</sup> Steele." It does <sup>mark</sup> not show that affiant made his mark, and we are asked to presume, because the expression "his mark" is found in connection with his name, that therefore he was unable to write his name, and that there was an omission in not signing it by his mark. If, as a matter of fact, he did not write his name, this should have been shown. Where a party relies upon matters of fact to quash a complaint, information, or indictment, the verity of the fact, if it exists, must be shown by the attacking party. The presumption of regularity obtains, unless the contrary is shown, in matters of this sort, when attacked in motion for new trial, or in arrest of judgment, or on appeal.

As the record is presented to us, the affidavit and information were not filed by the clerk of the county court; that is, his filemark was not placed on either instrument. The point was made in motion to arrest the judgment, as well as in motion for new trial, that this was fatal to conviction. This matter matter comes too late after conviction. It should have been urged in limine. The same rule applies in regard to filing affidavit and information as in case of indictment. The court, therefore, did not err in overruling this contention. Jessel v. State, 42 Texas Crim. Rep., 72.

It is also contended that the evidence is not sufficient to support the conviction. The State's evidence shows that the purchaser of the intoxicant from appellant became very much intoxicated from drinking it—so much so that he was arrested and confined, and subsequently punished. Appellant contends that the liquid he sold was cider manufactured in the town of McKinney out of nonintoxicants, and that no amount of it could produce intoxication. If the State's testimony is true—and the jury believed it—the liquid sold was intoxicating, for there is no question that the purchaser drank it and became very much intoxicated, and he swears that this is the liquid that produced the intoxication. Under this state of case, this court is not authorized to reverse the judgment.

There being no error in the record, the judgment is affirmed.

*Affirmed.*