## JIM LEWIS v. THE STATE.

### No. 3453. Decided October 10, 1906.

**1.—Theft—Arrest of Judgment—Two Days.**

After a conviction of theft, a motion in arrest of judgment more than two days after the verdict and judgment came too late.

**2.—Same—Statues Construed—Complaint—Signature of Affiant.**

Article 467, Code Criminal Procedure, does not require that the complaint upon which the information is based should be signed by the affiant. However, even if article 257, Code Criminal Procedure, requires such signature, and a motion to quash might have been entertained, a motion in arrest of judgment because affiant could have signed his name but only made his mark, could not be entertained.

**3.—Same—Possession—Ownership.**

Where upon trial for theft of a pistol the evidence showed the same to have been pawned to the person alleged to be the owner thereof, and was in his possession at the time of the taking, there was no error.

**4.—Same—Tender of Money—Charge of Court.**

Upon trial for theft of a pistol where the evidence showed that the pistol was taken without the knowledge or consent of the prosecutor and secreted by the defendant, tender of money due as charge on said pistol for which it was pawned and refusal of same, was not a defense.

Appeal from the County Court of Polk. Tried below before the Hon. A. B. Green.

Appeal from a conviction of theft of a pistol; penalty, a fine of $1 and one hour in the county jail.

The opinion states the case.

*J. B. Hill, Jr.*, for appellant.

*J. E. Yantis*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of a pistol, and his punishment assessed at a fine of $1 and imprisonment, and prosecutes this appeal.

Appellant filed a motion in arrest of judgment more than two days after the verdict of the jury and judgment rendered thereon. His contention being that the name of the prosecutor was signed "George x (his mark) Adair." The motion shows that appellant had only learned that George Adair could write his name after the expiration of the two days, and the judgment of the court overruling the motion, recites the matter set up in the motion, to the effect that his counsel found after the lapse of two days that George Adair was able to write his name. The court overruled the motion on the ground that it was too late, the two days allowed by law having expired. We believe that the ruling of the court was correct. Valentine v. State, 6 Texas Crim. App., 439. In Taylor v. State, 6 Texas Ct. Rep., 806; 72 S. W. Rep., 181, this matter was before the court, but the question does not seem to have been decided, the court stating that there was no proof on the subject. We observe that article 257, Code Criminal Procedure, in defining a complaint, among other requisites requires that it must be in writing and signed by the affiant, if he is able to write his name, otherwise he must place his mark at the foot of the complaint. Article 467, Code Criminal Procedure, which requires that all informations shall be based on a complaint, in speaking of the complaint or oath says: An information shall not be presented by the district or county attorney until oath has been made by some credible person charging defendant with an offense. The oath shall be reduced to writing and filed with the information. It may be sworn to before the district or county attorney, who for that purpose shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths. Nothing is said in this connection in regard to the affiant and the oath on which the information is based. There is no requirement that it be signed. However,

if it be conceded that article 257, heretofore mentioned, is applicable, while a motion to quash might be entertained, still it would come too late in motion in arrest of judgment, where affiant had signed his mark to the complaint.

Appellant insists that he should not have been convicted because the affidavit and information alleges the pistol to have been the property of Jim Adair, when as he insists the proof showed that it was the property of appellant himself. The State offered proof to the effect that the pistol was pawned to Jim Adair, as security for a debt, and was in his possession at the time of its taking. We understand this to be within article 864, Penal Code, sub. 1; State v. Stephens, 32 Texas, 156; Connell v. State, 2 Texas Crim. App., 422.

Appellant complains that the court erred in refusing to give his requested instruction number 2, to wit: "You are charged that if Jim Lewis, at any time before he was indicted, tendered Jim Adair the charges or money due on said watch, to acquit defendant." We do not believe that the charge in question was required or would have been a good defense to the prosecution. There was some testimony by appellant to the effect that he had offered prosecutor $1.50, the charges due on said pistol, and for which it was pawned, but appellant at that time told him he did not have the pistol; that it was at home or somewhere else, and did not take the money. Afterwards, the pistol was taken without the knowledge or consent of the prosecutor. Appellant found where it was kept in the house where prosecutor stayed, between two mattresses, and took it away  There was no proof offered by him that he took the pistol openly, under color of right, or that prosecutor refused to receive the money before surrendering the pistol. Besides this, the court instructed the jury, as requested by appellant, to this effect: "You are charged that if Jim Lewis at the time he took the pistol had a fair color of title to said property, and did then believe said pistol was his property, then you are charged to acquit defendant." This charge substantially covered appellant's defense. The tender of said money under the circumstances we do not believe was a defense to the charge in this case. Besides we note that the requested charge in this record related to a watch and not to a pistol. However, we take it that this must have been a clerical error.

There being no error in the record, the judgment is affirmed.

*Affirmed.*