## RUTH NICKSON V. THE STATE.

No. 22800. Delivered March 22, 1944.
Rehearing Denied May 24, 1944.

The opinion states the case.

*N. C. Outlaw,* of Post, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is theft by false pretext; the punishment, three years' confinement in the state penitentiary.

The effect of the accusation was that appellant stole $87.50 in merchandise and money, from M. J. Malouf, by falsely representing that a check she had was valid for the amount stated.

Malouf, the injured party, was in the dry goods business. Mrs. Cockrell was employed as a saleslady. On October 29th, 1943, appellant came into the store and selected for purchase,

of Mrs. Cockrell, merchandise of the value of $31.06, and tendered in payment therefor the following check:

"The First National Bank
88-1236

Post, Texas,    10-28-1943

Pay to the order of J. W. Millie            $87.50

Two and No/100 Dollars

Cotton Picking

F. C. McAnally"

Mrs. Cockrell would not accept it. She carried it to Malouf, appellant accompanying her. Malouf looked at the check, examined it, and, noticing that it had not been endorsed, advised appellant that before he could accept the check, it would have to be endorsed. Appellant claimed that the check was payable to her husband, and said that she would go and have him endorse it. She left the store, and, in about five minutes, returned, with the endorsement "J. W. Millie" thereon. Malouf then required that appellant also endorse the check, which she did, in his presence, endorsing the name "Emma Lee Millie" thereon. Malouf then accepted the check and delivered to her the merchandise and $56.44 in money.

Among the representations appellant made concerning the check were: that she had received it from Mr. McAnally—the person who signed the check—as pay for picking cotton; that some eight other persons had an interest in the check; and that the check was good for the amount of $87.50.

McAnally testified that he gave appellant a check in the amount of $2.00 for picking cotton. He would not be positive that he wrote appellant's name, Ruth Nickson, on the check, as payee, but said he was under the impression that he did. He was positive that he did not write the name "J. W. Millie" thereon. He denied having written the figures "$87.50" on the check.

Malouf presented the check to the bank, which accepted it and gave him a credit of $87.50 therefor. The bank, discovering that the check was not a valid check for $87.50, returned it to Malouf. McAnally's check for $87.50 was good at the bank.

The foregoing facts are shown by the State's testimony.

Appellant, testifying as a witness in her own behalf, denied the transaction with Malouf and Mrs. Cockrell. She testified to an alibi to the effect that, at the time the transaction is alleged to have occurred, she was at another and a different place. She admitted that McAnally gave her a check for $2.00, for picking cotton, but said she lost it soon thereafter.

A witness corroborated appellant upon her theory of alibi.

As the case was submitted to the jury, and in so far as a false pretext was concerned, appellant's guilt was made to depend, alone, upon the jury's finding that she came into possession of the merchandise and money "by fraudulently representing to the said M. J. Malouf that the check offered in evidence was a valid bona fide check for $87.50," knowing, at the time, that the check was only for $2.00.

None of the other representations alleged to have been made were relied upon by the State as constituting fraudulent representations or pretexts.

The sufficiency of the evidence to support the conviction is challenged. It is contended that, under the facts here presented, Malouf did not rely upon, and could not have relied upon, the representations that the check was valid for $87.50, because the check, on its face, showed that such representation was false, and of which fact Malouf had notice.

The check—an ordinary negotiable instrument—was, on its face, ambiguous and indefinite; for, according to the figures thereon, the sum payable was $87.50, whereas, according to the words employed thereon, the sum was "Two and No/100 Dollars."

Touching such an instrument, Art. 5932, Sec. 17, Subsec. 1, Vernon's Annotated Revised Civil Statute of Texas, provides as follows:

"Sec. 17. Where the language of the instrument is ambiguous or there are omissions therein, the following rules of construction apply:

"1. Where the sum payable is expressed in words and also in figures and there is a discrepancy between the two, the sum denoted by the words is the sum payable; but if the words are ambiguous or uncertain, reference may be had to the figures to fix the amount;".

Under Art. 1413, P. C., where a false pretext is relied upon to show the offense of theft, it is essentially necessary that the false pretext be the inducing cause for the surrender of possession of the property by the injured party. Nichols v. State, 133 Tex. Cr. R. 294, 109 S. W. (2d) 1057. Likewise, if the injured party knows, at the time he parts with the possession of his property, that the pretext is in fact false, he cannot rely thereon; and the offense of theft by false pretext cannot arise. McCain v. State, 143 Tex. Cr. R. 521, 158 S. W. (2d) 796.

Touching the question as to what caution or prudence is required of the injured party in a swindling case to detect falsity of the representations made and upon which he relies, this court early, in the case of Buckalew v. State, 11 Tex. App. 352, announced the rule as follows: "But, even though ordinary caution and common prudence are not required in the detection and avoidance of the imposition, yet we apprehend that there has been no change in the rule, so well founded in common sense and law, that, 'where the pretense is absurd or irrational, or *such as the party injured had at the very time the means of detecting at hand, it is not within the act.'* "

The legal effect of a false representation in swindling and of a false pretext in theft is the same, because each is the inducing cause upon which the injured party relies in parting with his property. The rule announced in the Buckalew case, supra, is, therefore, applicable in a case of theft by false pretext.

According to Malouf's own testimony, he had the check in his possession and inspected it to the point of noticing the name of the payee thereon and of requiring an endorsement thereof—all before he accepted it and parted with his property. He, therefore, at the very time he parted with his property, had "the means of detecting at hand" that the check was valid for $2.00 only, and that appellant's representations to the contrary were false. This brings this case within the rule announced in the Buckalew case, supra.

The conclusion is reached that the facts are insufficient to show theft by false pretext.

Accordingly the judgment is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

The State has filed a motion for a rehearing in this case in which it contends that we erred in our original opinion in holding that the evidence is insufficient to sustain the judgment of conviction.

We have again reviewed the record and remain of the opinion that the case was properly disposed of on the original submission.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.