VIC L. KING V. STATE

No. 29,099. October 9, 1957.

Appellant's Motion for Rehearing Overruled November 27, 1957.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) January 8, 1958.

*Bill M. Dickson,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Lee P. Ward, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for felony theft; the punishment, two years in the penitentiary.

The indictment containing only one count is in the form ordinarily used in charging theft of property in general. Willson's Criminal Forms, 6th Ed., Sec. 1970. See also, Gibbs v. State, 158, Texas Cr. Rep. 145, 253 S.W. 2d 1002.

The state's evidence shows that the appellant obtained the possession fo $30.00 in money and merchandise of the value of $30.95 from Audrey Karraker, sole owner and operator of a ready to wear store, for which he gave her a draft that he wrote in her presence, dated December 28, 1955, in the amount of $60.95. By his statements to Audrey Karraker that the draft was good and that it would be paid when presented to the bank since he had recently deposited $2000 in the bank, he induced Audrey Karraker to deliver to him the money and the merchandise, otherwise she would not have parted with the possession of the same. Proof was made that the draft in question was not paid when it was presented to the South Main State Bank of Houston, Texas, because of insufficient funds in appellant's account; that his account in said bank on November 15, 1955, showed a balance of $2.54, and a balance of $0.02 after December 7, 1955, through February 14, 1956, and that it at no time showed a deposit of $2000.

Appellant entered a plea of not guilty but did not testify or call any witnesses to testify in his behalf.

The record shows that the prosecution in this case was based on Art. 1413, Vernon's Ann. P.C.

Appellant contends that the instrument used to obtain possession of the money and merchandise was not complete on its face, in that it was not drawn on any bank, and created no legal obligation, therefore the evidence is not sufficient to support the conviction.

The record shows that the instrument in question was drawn on the "So Main State, Houston, Texas."

Under a similar contention in Redding v. State, 159 Texas Cr. Rep. 535, 265 S.W. 2d 811, where the draft relied upon by the state was signed by the accused and was drawn on the "Union National Bank" there being no further description of the bank, such as its location, we said:

"We know of no rule of law which requires that the false pretext or device relied upon, if in writing, must be complete in form * * * ."

No error is here shown.

Appellant complains of the refusal of his specially requested charge wherein he sought to have the jury instructed that even though they found beyond a reasonable doubt that he took the money and merchandise, yet, if he did not have the fraudulent intent at the time he obtained said property or if they had a reasonable doubt thereof, to find him not guilty.

Appellant did not testify or offer any testimony in his behalf. No issue was made in the evidence to support the requested charge.

The court's charge sufficiently instructed the jury as to the necessity of the existence of a fraudulent intent when the appellant obtained the possession of the money and merchandise.

The refusal of the requested charge does not show error.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

We have re-examined the record in the light of appellant's motion for rehearing and remain convinced that the disposition of this case is controlled by the opinion of this court in Redding v. State, 159 Texas Cr. Rep. 535, 265 S.W. 2d 811, which was also, as the case at bar, a prosecution for felony theft, and that our original disposition of this case was correct.

Appellant's motion for rehearing is overruled.

DAVIDSON, Judge, dissenting.

I cannot agree to the affirmance of this case.

Mrs. Audrey Karraker, the owner of Audrey's Ready to Wear, testified that appellant appeared at her place of business and purchased from her merchandise of the value of $30.95, for which he executed in her presence a customer's draft for the amount of $60.95. The $30 difference represented that amount of cash that she gave to the appellant.

The draft was as follows:

"RIVER OAKS STATE BANK
"CUSTOMER'S DRAFT
           "Houston, Texas, 12 - 28 - 1955

"Member Federal
"Deposit Insurance
"Corporation

    "PAY TO THE ORDER OF
            AUDREY'S READY TO WEAR            $60.95/100
            "SIXTY - - - 95/100 - - - DOLLARS

    "value received and charge to            with exchange
        "account of
"TO SO MAIN STATE
    "HOUSTON, TEXAS                  VIC L. KING
                                     "2322 Branard — JA-8-9774"

Reference is made in the record to that instrument as being a check, which Mrs. Karraker says was drawn on the "South Main State Bank" and which she says the appellant represented was good and would be paid on presentation to the above named bank.

The so-called check was presented to that bank and was not paid.

If for no other reason, non-payment of the draft was justified because it was not drawn on the "South Main State Bank." Such being true, that bank would have no authority to honor the draft for payment out of any funds belonging to the appellant. Moreover, the instrument was not a check but, to the contrary, was a draft subject to acceptance by the drawee at its pleasure.

The injured party saw the draft written and of necessity knew that it was not a check drawn upon the South Main State Bank, of Houston, Texas, but that it was a draft drawn upon "So Main State," whatever that meant.

All the evidence in this case shows that the injured party knew at the time she accepted the draft and parted with her property that it was not a check on any bank but a blank draft drawn upon "So Main State" and that the injured party therefore knew that the representations upon which she said she relied were false. Nickson v. State, 147 Texas Cr. Rep. 316, 180 S.W. 2d 161.

436

One who parts with both title and possession of property cannot rely upon representations which are known to be false or where the means at hand with which the falsity might be known are not used or any effort made to ascertain the truth.

Here, the injured party knew—or by looking at the draft, could have known—that it was not valid; that it was drawn on no bank; and that appellant's representations to the contrary were necessarily false and untrue.

The criminal laws of this state touching theft by false pretext and swindling are for the protection of those who are cheated and defrauded of their property by false and fraudulent representations. They are not for the protection of those who take a chance or risk, knowing that the representations made them are not true, and then, after that risk or chance goes against them, seek relief in criminal courts.

I dissent.