Appellant's objection to the argument was by the court overruled.

We find no reversible error in the argument.

Appellant was assessed the minimum punishment.

The reference by state's counsel to the appellant as a professional gambler was a reasonable deduction from the evidence and therefore did not constitute error. Miller v. State, 163 Tex.Cr.R. 381, 292 S.W.2d 108.

The reference by counsel to the game as "this sixty-forty game" is, contrary to appellant's contention, supported by the evidence in the case.

■ Appellant also complains of the court's refusal to grant his motion for new trial on the ground of newly discovered evidence. The motion was insufficient in that it was not supported by the affidavit of the alleged new witness and the failure to obtain the affidavit was not accounted for. McMichael v. State, 120 Tex.Cr.R. 25, 47 S.W.2d 283 and Beard v. State, 132 Tex.Cr. R. 294, 104 S.W.2d 37. Moreover, the record does not contain a statement of facts of the evidence which was adduced upon the hearing of the motion. In the absence thereof we are unable to pass upon the propriety of the court's ruling in overruling the motion.

We have examined the court's charge in the light of appellant's objections and find no error therein.

We find no merit in appellant's contention that because the evidence showed that he was acting as an agent and employee in the transaction the court erred in charging the jury on the law of principals and authorizing the jury to convict the appellant as a principal under the instruction given in the charge. As we have heretofore pointed out, whether appellant was acting for himself or as an agent and employee in exhibiting the gaming table and bank he would be guilty as a principal in the commission of the offense.

■ The court did not err in refusing to submit to the jury as an affirmative defense an instruction to acquit the appellant if they believed that he did not exhibit the gaming table and bank. Such instruction would have submitted nothing more than the issue of "Not Guilty" and was not an affirmative defense. Gilmore v. State, 158 Tex. Cr.R. 534, 257 S.W.2d 300 and Kirkland v. State, 162 Tex.Cr.R. 424, 285 S.W.2d 743. The charge as given by the court adequately protected the appellant's rights.

Other contentions urged by appellant have been considered and do not present error.

The judgment is affirmed.

Opinion approved by the Court.

A. M. VERNON, Appellant,

v.

STATE of Texas, Appellee.

No. 31770.

Court of Criminal Appeals of Texas.

April 6, 1960.

On Motion to Reinstate Appeal June 8, 1960.

A. R. Archer, Jr., Monahans, Arthur Mitchell, Austin (On Appeal Only), for appellant.

Thomas L. White, Dist. Atty., John Howze, County Atty., Monahans, and Leon B. Douglas, State's Atty., of Austin, for the State.

BELCHER, Commissioner.

The conviction is for the misapplication of public funds in violation of Art. 95, Vernon's Ann.P.C.; the punishment, two years.

The record contains no recognizance or appeal bond and shows that the appellant has been enlarged pending the appeal.

In the absence of a recognizance or bond in accordance with the terms and conditions prescribed in Arts. 817 and 818, Vernon's Ann.C.C.P., and the record showing that appellant is not confined in jail, this court is without jurisdiction to enter any order than to dismiss the appeal.

The appeal is dismissed.

Opinion approved by the Court.

On Motion to Reinstate the Appeal

By supplemental transcript appellant has now perfected the record on appeal and the appeal is reinstated and will be considered on the merits.

The indictment contained three counts. The court submitted only the second count to the jury. It charged that the appellant on or about November 10, 1958, while Justice of the Peace of Precinct No. 2 of Ward County did fraudulently take, misapply and convert to his own use $20.50 belonging to Ward County which had come into his possession by virtue of said office.

The evidence shows that at all times here in question the appellant was the duly elected, qualified and acting Justice of the Peace of Precinct No. 2 of Ward County. The appellant as such officer performed the usual duties of Justice of the Peace which included the filing of criminal cases and their disposition by pleas of guilty, trial or dismissal.

To support the conviction under count two the state relied on a case in said Justice Court which had been filed against Bobby Joe Morgan, and so stated in open court when Morgan was called to testify.

Bobby Joe Morgan testified that on November 10, 1958, he entered a plea of guilty to the offense of speeding before the appellant acting in his official capacity as Justice of the Peace, and that the fine assessed together with the costs was $20.50; that he personally paid said sum in money to the appellant who issued and delivered to him his official receipt therefor. Said receipt was introduced in evidence by the state.

Thomas D. Cook Jr., the special auditor, testified that he had examined the docket book of said Justice Court, and that the docket sheet of the cause of Bobby Joe Morgan showed that it was marked "Nolle Pros". He further testified that an examination of the monthy reports of collections made by the appellant to Ward County did not show a report of the collection of any sum of money in the cause of Bobby Joe Morgan.

The testimony of the County Auditor corroborated that of the special auditor.

Appellant while testifying in his own behalf denied appropriating any money belonging to Ward County. He attributed the discrepancies between the traffic tickets, docket entries and monthly reports to inadvertence or mistake. In instances of hot checks and hardships cases he would change the docket sheets to show the actual disposition; that he applied money paid for one fine to another case in arrears. The rush of business on Monday mornings had caused incorrect entries on the docket; and that others had collected numerous fines for him. He further testified that he deposited all the money he collected in his "J. P. Account". On cross-examination he testified that the $20.50 paid by Bobby Joe Morgan was reported in the payment of some other case but what case he did not know; and that he did not deny being paid in about

40 cases he "nolle prossed" in November and December, 1958.

Appellant insists that the trial court erred in admitting in evidence the conclusions and opinions of Thomas D. Cook, Jr., based on the pink traffic tickets, Judge's docket, monthly reports, checks, receipts, and other oral as well as documentary evidence because such conclusions and opinions were hearsay.

Thomas D. Cook, Jr., a certified public accountant, testified that he and two accountants under his direction and supervision made an audit of the books of the office of Justice of the Peace of Precinct No. 2 of Ward County for the year 1958 and of other books and instruments pertaining to said office during that year, and that his testimony was based upon said instruments and records.

The admission of the testimony as to the audit as shown by the testimony of the witness Cook, including the chief complaint, that is, the examination of the pink traffic tickets sent to the district office and to which was later transferred data showing the disposition of the cases, was not reversible error because the evidence complained of reveals no injury or prejudice to the appellant and further because his testimony places all the source of his trouble in the handling of the cases in his office.

It is urged that the trial court erred in admitting evidence of numerous extraneous transactions and offenses by the appellant which showed the payment and failure to report fines and costs paid to him in other cases.

The state called as witnesses the traffic violator or the person who had paid a fine for the violator in about thirty traffic cases. They testified that they paid fines and costs to the appellant. The testimony of the auditor shows that appellant's monthly report did not show the collection of such money or was there a showing of such payment in any manner to the county. The

state also introduced additional evidence showing discrepancies in the collection of fines and costs and the monthly reports in the disposition of other cases in said court by the appellant.

The evidence of the other transactions similar to the Bobby Joe Morgan transaction was admissible to show the intent, knowledge and system of the appellant and in combatting his theory of mistake, inadvertence, hot check, charge backs, hardship cases, and the application of money on other cases in arrears. 18 Tex.Jur., 59–74, Secs. 33–38; 1 Branch 2 ed., 200, Sec. 188; Sims v. State, Tex.Cr.App., 334 S.W.2d 818.

■ The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.