JESSIE MAURICE HUTCHINS, JR., v. STATE

No. 34,700.   June 30, 1962

*James H. Martin* and *Robert C. Benavides*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for robbery with firearms; the punishment, thirty-five years.

Johnny Jackson testified that he was the night manager of a service station on May 15, 1961, when the appellant, who was wearing a "Jelly-Bean" hat, and a companion entered about 1:20 A.M. and robbed him of $23.95. He further testified that during the transaction appellant's companion Mendenhall held a pistol on him, and that appellant exhibited a tire tool in a threatening manner; that such actions put him in fear of his life or serious bodily harm, and that the appellant and Mendenhall took the $23.95 without his consent and against his will.

On June 19, Dallas Police Officers arrested the appellant, who was found hiding in a clothes closet, Mendenhall, who had a loaded pistol in his belt, and two companions in Mendenhall's apartment. Appellant and Mendenhall were subsequently identified in a police line-up by Jackson as the two men who robbed him.

Appellant testified and denied any connection with the robbery. He further denied having ever worn a hat, particularly the "Jelly-Bean" type, and related that he had only gone to Mendenhall's apartment, where he was arrested, to pick up two suitcases which Mendenhall had borrowed from him.

Appellant's mother and grandmother both testified that they had never seen appellant wearing a hat, and that prior to June 19 Mendenhall had come to their house, where appellant lived, to borrow the suitcases.

Appellant urges that the trial court erred in admitting testimony given by one of the arresting officers that Jackson identified appellant at the line-up even before those participating in the line-up were in proper position.

The record shows that prior to this testimony concerning the line-up Jackson himself had related, without objection, that

"as soon as they started coming through the door I told the detective there, I says, 'that is one of them right there' (referring to appellant)."

In this no error is shown.

Appellant next complains of the admission of testimony by Officer Blessing that during the time of the arrest he heard a noise which he found to have been caused by a screen from Men-

denhall's apartment hitting the ground, because it implied that the appellant was attempting to escape to avoid arrest.

The record reflects that about the time two other officers knocked on the apartment door, Officer Blessing was standing outside and heard the screen fall to the ground, which he found to be from Mendenhall's apartment. He looked up and "saw this defendant (appellant) perched in the window sill of the window", and told him "to get back inside the apartment". There is no error in admitting such evidence because escape, flight and attempts to escape are always admissible as evidence of guilt. Cawley v. State, 310 S.W. 2d 340.

Appellant strenuously objects to the admission of testimony given by Deputy Sheriff Kitching that appellant was in a Dallas jail from April 28 to May 4, 1961, on the ground that this testimony was improper impeachment of his witnesses on an immaterial matter. It is also urged that the testimony given by his witnesses which was contradicted by Kitching was brought out by the state on cross-examination, and that the state cannot impeach what they developed themselves.

The record shows that appellant testified and denied any connection with the crime which was alleged to have occurred about 1:20 A.M., May 15, 1961, and the trial court in its charge to the jury submitted the defense of alibi. His witnesses testified, on cross-examination, that appellant lived with them continuously since March, 1961, and "spent every night there". It was further stated that appellant stayed at home every night in April and May, 1961, and that they never knew him to be out as late as 1 or 2 A.M. On re-direct examination of appellant's grandmother, she was asked: "He wasn't in prison or anything like that, was he?" and she answered, "No he sure wasn't." In view of these circumstances, no error is shown by the admission of Kitching's testimony.

Appellant challenges the sufficiency of the evidence to support the jury's verdict on the ground that the state's only evidence of guilt came from one uncorroborated witness, Jackson, whose testimony was contradicted by appellant, his mother, and his grandmother.

The jury are the exclusive judges of the facts proved and the credibility of the witnesses and the weight to be given to the testimony. Art. 706 C.C.P. Except where corroboration is required by law, the fact that a single witness for the state is

contradicted by a greater number of witnesses for the appellant does not alter the above rule. 24 Texas Jur. 2d 378, Sec. 715, and cases there cited.

The other contentions presented have been considered and do not show error.

The evidence is sufficient to support the jury's verdict and no error appearing, the judgment is affirmed.

Opinion approved by the Court.