Vernon E. BERGMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 35245.

Court of Criminal Appeals of Texas.

Feb. 13, 1963.

Rehearing Denied June 26, 1963.

Second Motion for Rehearing Denied
Oct. 16, 1963.

Rex Emerson, J. Charles Whitfield, Jr., Houston, for appellant, on appeal only.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Lee P. Ward, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is felony theft; the punishment, seven years' confinement in the penitentiary.

Joe J. Ruffino, proprietor of the Royal Oaks Grocery located at 1603 Gestner Road, in Houston, Harris County, testified that on the 8th day of September, 1959, the appellant came into his store and purchased $2.96 worth of merchandise and gave him a check in the amount of $52.96. In addition to the groceries the grocer gave him $50 in cash. The witness further testified that the check later introduced as state's exhibit #1 was the check he received from appellant. In due course of business the check was returned to the witness, marked "insufficient funds." The witness said that after the check was returned to him from the bank he went to appellant's place of residence, which was close by, and knocked on the door. A neighbor came out and told him that no one was living there at that time. Ruffino then attempted to contact appellant by sending him a telegram to that address in the event he came back to pick up his mail. His further efforts to contact appellant were unsuccessful. On cross-examination the witness testified that appellant had

traded with him for some time before the transaction in question and that he had cashed a number of checks for him, which had been "good" and paid in due course of business.

Mrs. Mary Jo Howard, a long-time employee and at that time cashier for the First National Bank of Livingston, Texas, was called as a witness for the state. She testified that she had the care, custody, and control of the records of the various accounts of that bank and that the bank had had an account for V. Bergman. From the records of the bank she testified that the check which was marked as state's exhibit #1 had been presented to the bank for payment on the account of V. Bergman but that it was not paid because there were insufficient funds in the bank at that time. She testified that there was only $2.95 in the account on the date the check was dated and for some time prior to that time. Up until the time of the trial there had been no greater amount in the bank and the balance had been reduced by $1 in service charges.

The draft, which was state's exhibit #1, was made payable to "Royal Oask," signed by V. Bergman, and drawn on the First National Bank, of Livingston, Texas, in the amount of $52.96.

State's exhibit #2, a check drawn on the same account in the amount of $300, and state's exhibit #3, a check drawn on the same account in the amount of $500, were shown not to have been paid because of insufficient funds. The check for $300 was dated September 5, 1959, and the check for $500 was dated September 1, 1959.

Appellant introduced into evidence as his exhibit #1 the statement of his account from July 16, 1959, to August 24, 1960.

Appellant testified in his own behalf, admitting that he had signed the draft which was state's exhibit #1, that he had given it to Mr. Ruffino on the date stated on the draft, and that he did not remember post-dating the draft. He testified that he was under the impression that he had sufficient funds in the bank when he gave the check. He said he did not remember one of the checks, for $250, reflected on the statement to have been paid by the bank on August 10, 1959. He further testified that during April, 1959, he had been convicted in Harris County of an offense of the same nature as the one in the instant case and after being sentenced had been placed on probation.

On cross-examination, appellant was shown state's exhibits #4 and #5 and he testified that he "guessed" the signatures on the checks were his and that he "guessed" he wrote both of them and obtained money for them. It was shown that both of these checks were returned because of insufficient funds. Appellant further testified that he had been convicted in misdemeanor worthless-check cases, for which he had received a sixty-day jail sentence.

Appellant contends that there is a fatal variance between the allegations in the indictment and the proof.

The indictment alleges that appellant did fraudulently take and steal "fifty-two dollars and ninety-six cents in money." The proof shows that appellant gave a check for $52.96 and received $50 in cash and purchased $2.96 worth of groceries.

This court held in Malazzo v. State, 165 Tex.Cr.R. 441, 308 S.W.2d 29, as follows:

"Where the value of property alleged to have been stolen does not determine whether the offense is a felony or a misdemeanor, nor control the punishment applicable to the theft, the allegation as to its value is not descriptive of the offense and need not be proven."

Art. 1421, Vernon's Ann.P.C., prescribes the punishment for felony theft, stating

that theft *of property of the value of fifty dollars* or over shall be punished by confinement in the penitentiary not less than two nor more than ten years.

The fact that the money was alleged to have been worth $52.96, and proven to have been worth $50, was immaterial. Proof of value of $50 or over is sufficient. See: Houston v. State, 98 Tex.Cr.R. 280, 265 S.W. 585. Appellant's contention is without merit.

There were no objections to the court's charge, and no requested charge was presented to the court. There were no formal bills of exception filed.

■ By informal bills of exception, the appellant objected to the introduction in evidence and the showing that he had written several other checks which had been returned because of insufficient funds in his account. These extraneous transactions tended to show appellant's intent to defraud and his scheme or design in the commission of the offense. Their introduction into evidence was admissible for this purpose. Cage v. State, 167 Tex.Cr.R. 355, 320 S.W.2d 364; Vernon v. State, Tex. Cr.App., 338 S.W.2d 728.

There are no other informal bills of exception that require discussion.

■ We find the evidence sufficient to support the verdict.

Finding no reversible error, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant re-urges his contention of a fatal variance between the allegation and the proof, because the indictment charged that he did steal "fifty two dollars and ninety six cents in money" and the proof showed that he received from the injured party, in exchange for the check, $50 in cash and $2.96 worth of groceries.

We again overrule the contention and, in addition to the authorities cited in our original opinion, refer appellant to the rule stated in 41-A Tex.Jur., Sec. 178, at page 166, which reads as follows:

"Money.—In a prosecution for theft of money, it need not be proven that all the money alleged to have been stolen was taken; it is sufficient to prove that any part of the money was taken, provided that, where the prosecution is for felony theft, the amount shown to have been taken is sufficient to constitute a felony."

■ We also overrule appellant's contention that the evidence is insufficient to sustain the conviction, because state's exhibit #1, introduced in evidence, was a draft drawn on the *First National* of Livingston, Texas, and the evidence adduced by the state was that he did not have sufficient funds in the *First National Bank* of Livingston, Texas, to pay such draft. Appellant admitted giving the draft to the injured party and the proof was undisputed that it was not paid when presented to the bank. No claim was made by appellant that it was presented to the wrong bank for payment.

The fact that the draft was incomplete as to form by reason of the omission of the word "Bank" therein does not render the evidence insufficient to support the conviction. Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811, and King v. State, 165 Tex.Cr.R. 432, 308 S.W.2d 40.

The motion for rehearing is overruled.

Opinion approved by the court.