C. L. DENNIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 40597.

Court of Criminal Appeals of Texas.

Oct. 4, 1967.

Rehearing Denied Nov. 29, 1967.

Donald J. Metcalfe (on appeal only), Emmett Colvin, Jr. (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., William Mason, Darrell Jordan and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is theft by false pretext; the punishment, 120 days in jail and a fine of $500.00.

Appellant approached the witness Takats with the introduction that he was an insurance salesman and proceeded to explain in detail the coverage provided by the policy he was offering Mr. Takats. He did not produce the policy, but explained that it would be sent Mr. Takats upon payment of $75.50, the cost for two years coverage. Appellant did produce an application for membership in the International Motorists Association with the explanation that membership provided extra benefits for policy holders and which Mr. Takats signed, upon the representation that he was purchasing the "extra benefits" and the insurance coverage. Upon discovery by Mr. Takats that he had no more than a membership in I.M.A., a complaint was filed.

Appellant's first ground of error is that the evidence is insufficient to support a conviction for theft by false pretext, because to support such conviction it must appear that the false pretext was the inducing cause which moved the injured party to surrender the property in question and that "if the injured party knows or by the exercise of ordinary prudence in using the means at hand to know at the time he parts with the possession of his property, that the pretext is in fact false, he cannot rely thereon and the offense of theft by false pretext cannot arise." Appellant cites Nickson v. State, 147 Tex.Cr.R. 316, 180 S.W.2d 161, Thornton v. State, 171 Tex. Cr.R. 565, 352 S.W.2d 742, and Deitle v. State, Tex.Cr.App., 363 S.W.2d 939, in support of his contention.

In Nickson, supra, the injured party accepted a check with a patent ambiguity in that the figures on the check indicated its value to be $87.50 in return for merchandise and $56.44 in money, although the words employed thereon indicated its value to be "Two and no/100 Dollars".

In Thornton v. State, supra, appellant sold a house to Spencer, which he represented was free of all liens. It was shown that Spencer, in making his payment, relied not upon appellant's representation, but upon his own investigation which corroborated appellant's representation.

In Deitle, supra, although appellant had no money on deposit subject to withdrawal, a teller for the First State Bank of Aransas Pass gave appellant $750 upon delivery of a check signed by him and drawn on that bank.

In the case at bar appellant represented to Takats that he was an auto liability insurance salesman and that, as Takats testified, "they picked out certain people that had a good driving record—reasonably good, that it was reasonable, and he went on to tell me about it and he told me then that I would get all these extra benefits." Appellant represented to Takats that the

policy would not be sent to him until the final payment had been made, but that a card would be immediately sent to Takats as proof of coverage in case of accident. As the extra benefits, appellant showing Takats the International Motorists Association Membership application receipt, which appellant contends, put Takats on notice that he was not getting an insurance policy. However, appellant never represented to Takats that the membership application was an insurance policy or that any liability coverage would result from the application, but that the application was for "extra benefits" afforded Takats because of his good driving record. It is not unreasonable that a man with a sixth grade education (as Takats was shown to have) would believe appellant's assertion that the liability policy would be sent upon final payment of the total amount.

We find these facts sufficient to distinguish appellant's case from those cited in his brief and set out above.

■ Appellant's second ground of error is that the court erred in failing to charge the jury that if the injured party, at the time he parted with the money, had the means at hand of detecting that such representations so made by appellant were false, he should be acquitted. He cites as authority Nickson v. State, supra, and Roe v. State, 140 Tex.Cr.R. 387, 144 S.W.2d 1104. We have examined the record in each case and have ascertained that in neither case was such a charge given. Nickson was reversed on the insufficiency of the evidence under a charge similar to that given in the case at bar, and what we have said under appellant's first ground of error distinguishes this case from Nickson. Roe was reversed because of a defect in the charge other than the one claimed

here by appellant. The charge as given in this case is substantially in the same terms as the charge which is recommended in Willson's Criminal Forms, Seventh Edition, Section 3559. Without further authority we would not be inclined to require the giving of additional charges for the jury's guidance.

■ Appellant's third ground of error relates to testimony of the state's witnesses that appellant had represented to them that he sold auto liability insurance. Such testimony was elicited in rebuttal after the appellant, testifying in his own behalf, denied having represented to Takats that he was selling liability insurance. Appellant contends that the testimony by the state's witnesses constitutes impeachment on a collateral matter and is therefore inadmissible. The appellant was charged with theft by false pretext, and in order for the state to prove its case, it had to show that the appellant represented to Takats that he was selling liability insurance. Appellant's denial of having so represented himself raised the issue and permitted the admission of testimony as to other such representations. McClanahan v. State, Tex. Cr.App., 394 S.W.2d 499, 503; Bergman v. State, Tex.Cr.App., 370 S.W.2d 895, 897; and cases there cited; Hill v. State, Tex. Cr.App., 364 S.W.2d 381; and Hutchins v. State, 172 Tex.Cr.R. 525, 360 S.W.2d 534–536.

■ It is observed that the record contains no charge limiting the evidence of the extraneous matters, but appellant's failure to object to the charge and request proper instructions prevents such omission from constituting grounds for reversal.

Finding no reversible error, the judgment is affirmed.