**Jimmie Dee ISAAC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40789.**

Court of Criminal Appeals of Texas.

Dec. 6, 1967.

———◆———

------◆------

R. E. Murphey, H. O. Woodward, Coleman, for appellant.

Gordon Griffin, Jr., Brownwood, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery and the punishment was assessed by the jury at twenty years.

The testimony of the state reveals that the assaulted party, while testifying, identified the appellant as the person who exhibited a shotgun, threatened to kill him, and put him in fear of his life and bodily injury, and took fifty-five dollars in money from his possession and without his consent.

Testifying in his own behalf, the appellant denied that he committed the robbery.

■ The admission of testimony that the appellant escaped while in custody at the scene of the offense alleged is urged as a ground of error.

Immediately after his arrest, the appellant was taken to the railway depot, where the alleged offense occurred according to the testimony of the state. While in the depot, the appellant jumped through a glass window and ran from the officers.

■ Evidence of flight and escape are admissible as evidence of guilt. Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340; Hutchins v. State, 172 Tex.Cr.R. 525, 360 S.W.2d 534. Further, while testifying in his own behalf, the appellant admitted jumping through the widow at the depot.

■ It is contended that the admission in evidence of a hat, shoes, coins and jacket was error on the ground they were found as the result of an illegal search of a residence where the appellant was found after the alleged robbery.

It is undisputed that the officers were invited into the residence at the time they first located the appellant. It is the seizure of the hat and shoes on return to the house after going to the depot, that the appellant urges as error.

The hat, shoes, and the shotgun were all seen, as they were in open view, on the first visit to the house, when the officers were invited to enter. The officers took the shotgun on the first visit and no complaint about this is urged.

Testifying in his own behalf on direct examination, the appellant admitted his possession of the coins and stated that he had earned them. The appellant first offered evidence that the officers returned to the house, about one block from the depot, and got the shoes which he put on at the depot and he also put on the hat. The state never inquired about the jacket before the jury and it was not exhibited to them. The contention presents no error.

■ Error is urged on the ground that appellant was compelled to put on the hat and shoes at the depot so he could be viewed for identification.

The putting on of the hat and shoes was first introduced in evidence before the jury by the appellant. No error is shown. Turner v. State, Tex.Cr.App., 371 S.W.2d 891. However, these acts did not violate appellant's privileges against self-incrimination. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, 1151.

The judgment is affirmed.