The STATE of Texas, Appellant,

v.

Shirley DRAPER, Appellee.

No. 03–96–00255–CR.

Court of Appeals of Texas, Austin.

March 6, 1997.

---

Marcos Hernandez, Jr., Criminal District Attorney, David S. Watts, Asst. Criminal District Attorney, San Marcos, for appellant.

James M. Pape, San Marcos, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

JONES, Justice.

The State of Texas, appellant, appeals from an order quashing a six-count indictment charging Shirley Draper, appellee, with injury to a child and endangering a child. *See* Tex. Penal Code Ann. §§ 22.04, 22.041 (West 1994 & Supp.1997). The State contends the trial court erred in quashing the indictment because the allegations in the indictment are not ambiguous and give adequate notice for appellee to prepare her defense. We will affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 1995, a grand jury in Hays County charged appellee, in a six-count indictment, with the offenses of injury to a child and endangering a child. *See id.* Count I of the indictment specifically alleged:

### COUNT I

SHIRLEY DRAPER on or about the 25th day of September, A.D., 1994, did then and there intentionally and knowingly by omission cause serious bodily injury to MARISSA LYNN COOKE, a child 14 years of age or younger, by failing to provide protection for the said MARISSA LYNN COOKE, to-wit: by failing to remove MARISSA LYNN COOKE from a vehicle to be driven by GREG COOKE when she knew that GREG COOKE was a threat to the health and safety of the said MARISSA LYNN COOKE, by virtue of the said GREG COOKE's prior consumption of an alcoholic beverage, and SHIRLEY DRAPER was then and there the parent of the said MARISSA LYNN COOKE, namely her mother, and had a legal and statutory duty of protection of the said MARISSA LYNN COOKE pursuant to the Texas Family Code; . . . .

Count II is identical to Count I, except that in Count II the name of the child, Marissa Lynn Cooke, is replaced by the name of appellee's other child, Shauna Renee Cooke. Counts III and IV are identical to Counts I and II, respectively, except that in Counts III and IV the phrase "intentionally and knowingly" is replaced by the word "recklessly." Likewise, Counts V and VI are identical to Counts I and II, respectively, except that in Counts V and VI the phrase, "intentionally and knowingly by omission cause serious bodily injury to [child's name], a child 14 years of age or younger," is replaced by the phrase,

intentionally, knowingly, recklessly, and with criminal negligence, engage in conduct, by omission, that placed [child's name], a child younger than 15 years of age, in imminent danger of death, bodily

injury, and physical and mental impairment.

Appellee filed a timely motion to quash, which alleged various reasons the indictment was insufficient, including that the phrase "prior consumption of an alcoholic beverage" was vague and provided insufficient notice. The trial court signed a general order setting aside and dismissing the indictment. Accordingly, if any one of the grounds stated in appellee's motion is supportable, we must affirm the trial court's order. The State appeals by thirty-six points of error, raising six identical points of error for each of the six counts in the indictment.

## DISCUSSION

■ In points of error five, eleven, seventeen, twenty-three, twenty-nine, and thirty-five,[1] the State contends the phrase "prior consumption of an alcoholic beverage" in the indictment provides appellee adequate notice of the charged offense. A decision to quash an indictment for lack of certainty in the indictment's allegations is within the sound discretion of the trial court. *Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim.App. 1981); *see also County v. State,* 812 S.W.2d 303, 312 (Tex.Crim.App.1989). A trial court abuses its discretion only when its ruling is outside the "zone of reasonable disagreement." *Montgomery v. State,* 810 S.W.2d 372, 390–93 (Tex.Crim.App.1990) (op. on reh'g).

■ Article I, section 10 of the Texas Constitution "guarantees an accused the right to be informed of the nature and cause of the accusation against him in a criminal prosecution." *Ward v. State,* 829 S.W.2d 787, 794 (Tex.Crim.App.1992); *see also* Tex. Code Crim. Proc. Ann. arts. 21.02(7) & 21.11 (West 1989). This information must come from the face of the indictment. *Ward,* 829 S.W.2d at 794; *see, e.g., Benoit v. State,* 561

S.W.2d 810, 813 (Tex.Crim.App.1977). The accused is not required to look elsewhere. *Baker v. State,* 123 Tex.Crim. 209, 58 S.W.2d 534, 534–35 (1933). Writing about the notice requirement, then Presiding Judge Onion stated for the court of criminal appeals: "It is, of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language." *Benoit,* 561 S.W.2d at 813; *see also Moore v. State,* 473 S.W.2d 523, 523–24 (Tex.Crim.App.1971).

■ This fundamental guarantee enables the accused to learn the charge in advance of trial, with such certainty that a presumptively innocent person will know what she will be called upon to defend against. *See Wilson v. State,* 520 S.W.2d 377, 379 (Tex.Crim.App. 1975); *Cook v. State,* 824 S.W.2d 334, 336–37 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). "[T]he accused is not required to anticipate any and all variant facts the State might hypothetically seek to establish." *Brasfield v. State,* 600 S.W.2d 288, 295 (Tex. Crim.App.1980), *overruled on other grounds by Janecka v. State,* 739 S.W.2d 813, 819 (Tex.Crim.App.1987); *Drumm v. State,* 560 S.W.2d 944, 947 (Tex.Crim.App.1977).

■ The present indictment alleged, in all six counts, that appellee "knew that GREG COOKE was a threat to the health and safety of the said [CHILD], by virtue of the said GREG COOKE's *prior consumption of an alcoholic beverage ....*" (Emphasis added.) Thus, precisely what appellee is supposed to have known at the time she allegedly "fail[ed] to remove" the two girls from Greg Cooke's car could be crucial to the preparation of her defense. We believe the trial court could reasonably have concluded that it was unclear whether the State was attempting to convict appellee for her knowledge of Greg Cooke's consumption of alcohol *immediately prior* to his driving Marissa and Shauna in his car or simply for appellee's general knowledge of Greg Cooke's consumption of alcoholic beverages before the day of

---

**1.** Point of error five relates to Count I, point of error eleven to Count II, point of error seventeen to Count III, point of error twenty-three to Count IV, point of error twenty-nine to Count V, and point of error thirty-five to Count VI.

the offense. Moreover, even if "prior consumption" was intended to mean immediately prior, the trial court could reasonably have concluded that it was unclear whether the phrase "an alcoholic beverage" referred to one *drink*, one *type* of alcoholic beverage, or an indefinite number of drinks of any type of alcoholic beverage. Thus, under this indictment, it would not have been unreasonable for the trial court to conclude that the phrase "prior consumption of an alcoholic beverage" was vague and uncertain and deprived appellee of adequate notice of the accusations against her.

We conclude the trial court's ruling was within the zone of reasonable disagreement—and thus within its discretion—in determining that the lack of specificity as to Greg Cooke's prior consumption of an alcoholic beverage gave appellee insufficient notice of the accusations against her such that she could not adequately prepare her defense. *See Janecka v. State,* 823 S.W.2d 232, 232–38 (Tex.Crim.App.1990). We overrule points of error five, eleven, seventeen, twenty-three, twenty-nine, and thirty-five. Having overruled these points of error, we need not address the State's remaining points.

## CONCLUSION

The trial court did not abuse its discretion in quashing the indictment. Accordingly, we affirm the trial court's order.