TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00631-CR







William Henry Flynn, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 479,786, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING








 A jury convicted appellant of theft of $50 or more but less than $500, a class B
misdemeanor. See Tex. Penal Code Ann. § 31.03(a) (West 1994) & § 31.03(e)(2)(A)(i) (West
Supp. 1999). The trial court assessed his sentence at 180 days in the Travis County jail. 
Appellant challenges the sufficiency of the evidence to support his conviction. We will affirm.

 Appellant contends in his third issue that the trial court erred by overruling his
motion for directed verdict. Such a point is to be treated as a challenge to the legal sufficiency of
the evidence. Cook v. State, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993). We will combine
consideration of this issue with his two other issues, both of which challenge the sufficiency of the
evidence.

 Evidence is legally sufficient when, viewing it in a light most favorable to the
verdict, a rational jury could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim.
App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981).

 This case involves employee theft of $491 by appellant. He does not dispute the
proof that he took the money involved without his employer's permission. He testified during the
guilt-innocence stage of the trial and admitted taking the money. His defense was that, by his
estimate, his employer owed him about that amount and he just decided to quit so he took the
money he had collected on behalf of his employer and never showed up at work again. His former
employer testified that appellant had only worked for him a short time, that he did not owe
appellant any money, and that he did not give appellant permission to keep the money he collected.

 Appellant's contention is that the State failed to prove everything that was alleged
in the information. The information alleged in pertinent part that appellant


on or about the 12TH DAY OF MARCH, 1997, A.D., did then and there
intentionally and knowingly acquire and otherwise exercise control over property,
to-wit: U.S. CURRENCY OF AN UNKNOWN NAME, KIND AND QUANTITY
of the value of $50 or more but less than $500, without the effective consent of the
owner, SCOTT PARKER, and with the intent to deprive the said owner of said
property. . . . 



 Appellant's first complaint is that the State did not prove that the description of the
property was "of an unknown name, kind and quantity." His second point of error is that the
State failed to show that due diligence was used to try to determine the unknown information. 
Appellant summarizes his argument as follows: "When an allegation of ignorance is made in a
formal charging instrument by an agent of the County Attorney . . . an accused should be able to
rely on it, and not to his detriment." Appellant relies on Ex parte Coleman, 940 S.W.2d 96, 97-98 n.1 (Tex. Crim. App. 1996) and Hicks v. State, 860 S.W.2d 419, 424 (Tex. Crim. App. 1993). 
In Coleman, the court explains in a footnote that under articles 21.07 and 21.08 of the Texas Code
of Criminal Procedure, a grand jury may allege unknown ownership in property when that is the
case, but then may prove the specific owner of that property at trial. However, if the State then
proffers evidence of the actual owner, it incurs the additional burden of showing that the grand
jury used due diligence in trying to determine that information. The Coleman footnote cites Hicks
for this latter point. Hicks was a murder case in which the grand jury alleged that the defendant
killed the victim by beating her with a blunt instrument, "the exact nature and description of which
is to the Grand Jury unknown." Hicks challenged the sufficiency of the evidence to sustain his
conviction because of the State's failure to prove the grand jury used due diligence to determine
the instrument. Trial evidence showed that the most probable instrument of death used was a
hammer, but it might have been a block of wood. The court held that where the exact description
of the weapon was shown to be uncertain at trial, the State did not have to show the grand jury
used due diligence in attempting to ascertain the murder weapon.

 Appellant relies on these cases for his position that the State was required to prove
its lack of knowledge of the description of the money appellant stole. He also contends that the
State must show that the assistant county attorney who drafted the information was diligent in
attempting to seek out a more detailed description of the property involved at the time the
information was prepared. Appellant cites no direct authority that this obligation exists in a
misdemeanor case where the adequacy of the description of money is at issue.

 The State argues that appellant waived error by admitting his guilt when he testified
during the guilt-innocence stage of the trial. The State relies on McGlothlin v. State, 896 S.W.2d
183, 186 (Tex. Crim. App.), cert. denied, 516 U.S. 882 (1995), and Degarmo v. State, 691
S.W.2d 657, 661 (Tex. Crim. App.), cert. denied, 474 U.S. 973 (1985). However, these cases
were recently overruled in LeDay v. State, No. 1125-97, slip op. at 27 (Tex. Crim. App.
December 16, 1998). We hold that appellant's case cannot be disposed of on the basis of waiver. 
Id.

 We note that appellant's testimony in itself is sufficient to support the conviction
for misdemeanor theft, so the issue narrows to the State's obligation to prove its ignorance of a
more detailed description of the property stolen. This is a problem of variance between the crime
alleged and the evidence at trial.

 Personal property should be described as follows:


If known, property alleged in an indictment shall be identified by name, kind,
number, and ownership. When such is unknown, that fact shall be stated and a
general classification, describing and identifying the property as near as may be,
shall suffice. . . .



Tex. Code Crim. Proc. Ann. art. 21.09 (West 1989). The rules applicable to allegations in an
indictment and the certainty required apply also to an information. Tex. Code Crim. Proc. Ann.
art. 21.23 (West 1989); Haecker v. State, 571 S.W.2d 920, 921 (Tex. Crim. App. 1978); Meyer
v. State, 145 S.W. 919, 920 (Tex. Crim. App. 1912); State v. Elliott, 41 Tex. 224, 226 (1874).

 In a prosecution for theft of money, the State is required to prove only that the
amount of money stolen satisfied the jurisdictional requirement of the State's pleading, and does
not have to prove that it equaled the exact amount of money alleged to have been stolen. Sowders
v. State, 693 S.W.2d 448, 450 (Tex. Crim. App. 1985). In Rovinsky v. State, 605 S.W.2d 578,
581 (Tex. Crim. App. 1980), the court of criminal appeals stated, "the allegation of theft of over
$10,000 current money of the United States is sufficient as to value and description." In Bergman
v. State, 370 S.W.2d 895 (Tex. Crim. App. 1963), the indictment alleged the commission of
felony theft in that the money taken was worth $52.96, and proof showed that the money taken
was worth $50; the court held that the variance was immaterial under the statute prescribing
punishment for felony theft of $50 or over. Id. at 896-97. In a prosecution for felony theft a
description of the property taken as "money of the value of $580.00" was held to be a sufficient
description. Edwards v. State, 286 S.W.2d 157, 159 (Tex. Crim. App. 1956). A description in
an indictment of the property stolen as money over $750 and under $20,000 was held not to be
fundamentally defective even though it failed to describe the money taken by name, kind, number
and ownership. Hendrick v. State, 731 S.W.2d 147, 149 (Tex. App.--Houston [1st Dist.] 1987,
pet. ref'd). A contention that the description of stolen property as "money" was impermissibly
vague was held to be without merit in Williams v. State, 691 S.W.2d 81, 84 (Tex. App.--Houston
[1st Dist.] 1985, no pet.). Property described in an indictment as "good and lawful United States
currency of the value of over $200.00" was held to be sufficient in Evans v. State, 678 S.W.2d
303, 305 (Tex. App.--Fort Worth 1984, no pet.). A description of property alleged to have been
stolen as "cash money of the value of over two hundred dollars and under ten thousand dollars"
was held sufficient in Moore v. State, 659 S.W.2d 445, 448 (Tex. App.--Houston [14th Dist.]
1983, no pet.). In Sovey v. State, 628 S.W.2d 163, 165 (Tex. App.--Houston [14th Dist.] 1982,
no pet.), the court held that, absent a motion to quash the indictment, a description of the property
alleged to have been stolen as "property, namely, money, owned by Robert G. Hartman . . . of
the value of over two hundred dollars and under ten thousand dollars . . ." sufficiently described
the property to support the conviction. A description of property in an indictment as "lawful
United States currency of a value of over two hundred ($200) dollars and under twenty thousand
($20,000) dollars" was held to be adequate in Knowles v. State, 629 S.W.2d 240, 242 (Tex.
App.--Fort Worth 1982), rev'd on other grounds, 672 S.W.2d 478 (Tex. Crim. App. 1984). In
a case that considered an indictment for official misconduct which alleged that money came into
the official's custody by virtue of his employment, the court held that the indictment was not
invalid for failure to describe such money by number and kind. Powell v. State, 549 S.W.2d 398
(Tex. Crim. App. 1977). Based on these cases, it is clear that the description of the property in
the instant case was adequate without the allegation that the name, kind and quantity were
unknown. It is also clear that even if the State had alleged an exact amount of money stolen,
failure to prove the exact amount would not have been material, as long as the proof showed that
the amount stolen was within the jurisdictional range set out in the statute. The issue remains as 
to what obligation the State had to prove its ignorance of the details of the "name kind and
quantity" of the stolen money once it had pled that fact.

 The State contends that the allegation that the description of the property was
unknown is surplusage and may be disregarded. Unnecessary words or allegations in a charging
instrument may be rejected as surplusage if they are not descriptive of that which is legally
essential to the validity of the charging instrument. See Franklin v. State, 659 S.W.2d 831, 832
(Tex. Crim. App. 1983). But where the unnecessary matter is descriptive of that which is legally
essential to charge a crime, it must be proven as alleged even though needlessly stated. Id.; see
Estep v. State, 941 S.W.2d 130, 134 n.7 (Tex. Crim. App. 1997). In appellant's case, the
allegation that the name, kind, and quantity of the currency stolen was unknown was unnecessary,
but it was descriptive of an essential element of the offense, the property stolen. The elements of
theft are: a person, with the intent to deprive the owner of property, unlawfully appropriates that
property, without the effective consent of the owner. Peterson v. State, 645 S.W.2d 807, 811
(Tex. Crim. App. 1983). A theft conviction can never rest in whole or in part upon theft of
property not alleged in the indictment as stolen. Lehman v. State, 792 S.W.2d 82, 84 (Tex. Crim.
App. 1990). Therefore, even though the allegation that the "name, kind and quantity" of money
was unknown was clearly an instance of unnecessary overpleading, the unnecessary matter is
descriptive of a legally essential element, and we do not believe that the allegation of ignorance
can be disregarded as surplusage.

 The question then, is whether the State proved at trial that the name, kind and
quantity of United States currency was unknown to the prosecutor who prepared the information. 
The only description of the stolen money at trial was that it was $491 in cash. No issue was raised
as to the existence or nonexistence of any other description of the property. There was no
testimony as to what specific information describing the stolen property was available when the
charging instrument was prepared. When a charging instrument alleges that a particular fact is
unknown and the evidence at trial does not reveal that the fact is known, then a prima facie
showing exists that the fact was unknown to the preparer of the charging instrument. Cunningham
v. State, 484 S.W.2d 906, 911 (Tex. Crim. App. 1972); see Hicks v. State, 860 S.W.2d 419, 424
(Tex. Crim. App. 1993); McFarland v. State, 845 S.W.2d 824, 830 (Tex. Crim. App. 1992);
Matson v. State, 819 S.W.2d 839, 847-48 (Tex. Crim. App. 1991). In the instant case, the total
amount of money involved was established as $491. However, there was no further detail about
the "name, kind and quantity" of money. For example, there was no proof offered about the
denominations of the bills or the quantity of each of the various denominations. Thus, there were
facts about the property that remained unknown, as alleged in the information. (1) These details, or
their absence, were not made an issue at trial, and we believe that the prima facie showing of lack
of knowledge was made, and there was no need for the State to show more.

 In a case of theft by receiving stolen property, the indictment alleged that the
identity of the original thief was unknown to the grand jury. The identity of the original thief is
not an essential element of the offense. Polk v. State, 749 S.W.2d 813, 818 (Tex. Crim. App.
1988). There was no evidence at trial of the original thief's identity, and this fact was not made
an issue at trial. The court said that in such circumstances the degree of the grand jury's diligence
was not an aspect of the offense with which the defendant was charged, and decided that no
variance existed between the offense alleged and that proved. Id. In the same way, since the lack
of proof of the "name, kind and quantity" of the money was not made an issue at appellant's trial,
the ignorance of the person preparing the information did not become an issue, and there was no
variance in the instant case.

 Even if it was a variance for the State to fail to prove that it did not know the
"name, kind and quantity" of the money, it was not a fatal variance. As a general rule, a variance
between the charging instrument and the evidence at trial is fatal to a conviction. Stevens v. State,
891 S.W.2d 649, 650 (Tex. Crim. App. 1995). Due process guarantees the defendant notice of
the charges against him, and is violated if the charging instrument alleges one offense but the State
proves another. Ward v. State, 829 S.W.2d 787, 794 (Tex. Crim. App. 1992); State v. Draper,
940 S.W.2d 824, 826 (Tex. App.--Austin 1997, no pet.). However, such a variance must be
material to be fatal; this means that it must mislead the defendant to his prejudice. Stevens, 891 
S.W.2d at 650; see Davila v. State, 956 S.W.2d 587, 588 (Tex. App.--San Antonio 1997, pet.
ref'd) (holding no variance between check alleged stolen and what defendant claimed was actually
an insurance draft, and no showing that defendant was misled or prejudiced). In order to establish
that an alleged variance is material, prejudicial, and hence fatal, an accused must show surprise
or that he was misled to his prejudice by the variance. Phillips v. State, 753 S.W.2d 813, 815
(Tex. App.--Austin 1988, pet. ref'd).

 Appellant argues that the allegation that the State did not know the "name, kind and
quantity" misled him into not filing a motion to quash the information through which he could
have obtained more specific information. There is no evidence of this in the record, other than
the fact that no motion to quash was filed. There is no basis for the claim that appellant's failure
to move to quash the information was caused by the State's poor pleading. There is no showing
that appellant was misled or prejudiced in his defense by the pleading of the unnecessary words.

 A variance between an exact amount of money alleged stolen and proof that the
amount was different but within the range for felony theft was held immaterial in Bergman v.
State, 370 S.W.2d 895, 896-97 (Tex. Crim. App. 1963). We believe that any variance between
the allegation that the State did not know the "name, kind and quantity" of the property stolen and
the proof at trial that appellant stole $491 cash of undetermined denomination and number is
immaterial. Appellant's first, second and third points of error are overruled.

 We affirm the judgment of the trial court.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: February 19, 1999

Do Not Publish

1. We do not mean to suggest that these unnecessarily detailed descriptive matters were
significant to appellant's conviction, but in at least one case such detail was an important
evidentiary matter. In Lewis v. State, 136 S.W.2d 856 (Tex. Crim. App. 1940), the defendant's
terminally ill aunt had $255 under her pillow, consisting in part of $10 bills, but when she died
it was missing. Evidence showed that the defendant used $10 bills to pay for the funeral and used
other $10 bills in a deal to buy a hog, and this was held to warrant conviction.


CG Times Regular"> In a case of theft by receiving stolen property, the indictment alleged that the
identity of the original thief was unknown to the grand jury. The identity of the original thief is
not an essential element of the offense. Polk v. State, 749 S.W.2d 813, 818 (Tex. Crim. App.
1988). There was no evidence at trial of the original thief's identity, and this fact was not made
an issue at trial. The court said that in such circumstances the degree of the grand jury's diligence
was not an aspect of the offense with which the defendant was charged, and decided that no
variance existed between the offense alleged and that proved. Id. In the same way, since the lack
of proof of the "name, kind and quantity" of the money was not made an issue at appellant's trial,
the ignorance of the person preparing the information did not become an issue, and there was no
variance in the instant case.

 Even if it was a variance for the State to fail to prove that it did not know the
"name, kind and quantity" of the money, it was not a fatal variance. As a general rule, a variance
between the charging instrument and the evidence at trial is fatal to a conviction. Stevens v. State,
891 S.W.2d 649, 650 (Tex. Crim. App. 1995). Due process guarantees the defendant notice of
the charges against him, and is violated if the charging instrument alleges one offense but the State
proves another. Ward v. State, 829 S.W.2d 787, 794 (Tex. Crim. App. 1992); State v. Draper,
940 S.W.2d 824, 826 (Tex. App.--Austin 1997, no pet.). However, such a variance must be
material to be fatal; this means that it must mislead the defendant to his prejudice. Stevens, 891 
S.W.2d at 650; see Davila v. State, 956 S.W.2d 587, 588 (Tex. App.--San Antonio 1997, pet.
ref'd) (holding no variance between check alleged stolen and what defendant claimed was actually
an insurance draft, and no showing that defendant was misled or prejudiced). In order to establish
that an alleged variance is material, prejudicial, and hence fatal, an accused must show surprise
or that he was misled to his prejudice by the variance. Phillips v. State, 753 S.W.2d 813, 815
(Tex. App.--Austin 1988, pet. ref'd).

 Appellant argues that the allegation that the State did not know the "name, kind and
quantity" misled him into not filing a motion to quash the information through which he could
have obtained more specific information. There is no evidence of this in the record, other than
the fact that no motion to quash was filed. There is no basis for the claim that appellant's failure
to move to quash the information was caused by the State's poor pleading. There is no showing
that appellant was misled or prejudiced in his defense by the pleading of the unnecessary words.

 A variance between an exact amount of money alle