UNITED STATES of America,
Plaintiff-Appellee,

v.

Rogelio MARTINEZ, Richard Martinez,
and Roger Martinez,
Defendants-Appellants.

No. 76–4445
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 13, 1977.

Rehearing Denied Aug. 11, 1977.

Ray Bass, III, Houston, Tex., for defendants-appellants.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Appellants are a father and two of his sons, who have been convicted by a jury of conspiring to possess heroin with the intent

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

to distribute, and of conspiring to distribute heroin.

On appeal, they allege that (1) there was insufficient independent evidence of the existence of a conspiracy; (2) that the extrajudicial statements of one of the co-conspirators should not have been allowed in evidence; (3) that the trial venue was improper; (4) that the trial should have been continued because of the absence of a necessary witness; and (5) that a DEA agent testified about a telephone call between himself and someone a co-conspirator told him was one of the appellants.

■ However, after a review of the record in this case, we find that there was ample evidence of the existence of a conspiracy to possess and distribute heroin, and of the membership of these appellants in that conspiracy and their participation in the furtherance of its ends.

On two occasions the co-conspirators went to Houston to obtain heroin. On both occasions they went directly to the home of Rogelio Martinez, where they met with Rogelio and his sons, Richard and Roger. Following each meeting with the alleged buyers, the co-conspirators would either go to Rogelio's home or meet with Rogelio and his sons. No heroin transaction was completed in Houston only because Rogelio insisted that the deal be closed at his house and he broke off negotiations after he detected the surveillance of his home.

This Court must view the evidence presented by the government in the light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Whether the evidence is direct or circumstantial, the question of the defendant's guilt is for the jury to decide unless the trial judge, viewing the evidence in the light most favorable to the government, concludes that the jury would necessarily have to have a reasonable doubt. *United States v. Reynolds*, 5 Cir. 1975, 511 F.2d 603; *United States v. James*, 5 Cir. 1975, 510 F.2d 546, cert. denied sub nom. *Vasquez v. United States*, 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975). All reasonable inferences and credibility choices must be made in favor of the jury verdict. *United States v. Black*, 5 Cir. 1974, 497 F.2d 1039, 1041. We have recently held that we must sustain a jury verdict where there is substantial evidence under the *Glasser* test to support that verdict, as there is here.

■ At trial, both government undercover agents testified to extrajudicial statements made by Hector Martinez during the term of this conspiracy which implicated the appellants. Such statements were crucial to the government's case, and the agents were subjected to extensive cross-examination. Such statements did not violate appellant's Sixth Amendment rights to confrontation. *Park v. Huff*, 5 Cir. 1975, 506 F.2d 849, cert. denied 423 U.S. 824, 96 S.Ct. 38, 46 L.Ed.2d 40 (1975).

■ Although appellants are from Houston, and several of the overt acts involving appellants occurred in Houston, this conspiracy was formed, and at least nine of the overt acts in this conspiracy occurred in Laredo; therefore, trial in the Laredo Division of the Southern District of Texas was proper. A conspiracy may be prosecuted in the district where it was formed or in the district in which an overt act was committed in furtherance of its objects. *United States v. Strickland*, 5 Cir. 1974, 493 F.2d 182, cert. denied 419 U.S. 801, 95 S.Ct. 9, 42 L.Ed.2d 32 (1974).

■ Appellants requested a continuance because of the absence of Hector Martinez, one of the indicted co-conspirators. The judge did not abuse his discretion in refusing this continuance because Hector was at that time incarcerated in Nuevo Laredo, Mexico, outside of our federal jurisdiction, his release date was unknown, and there were no assurances that he would testify if called.

■ Appellant's final assertion of error concerns the admission into evidence of a telephone conversation between DEA Agent Castro and Rogelio Martinez, the alleged source of the heroin for which the agents had gone to Houston. Castro had never met Rogelio, and did not know the

sound of his voice. However, there was sufficient circumstantial evidence surrounding the call that the jury could reasonably have concluded that the party being spoken to was indeed Rogelio. *Grogan v. United States*, 5 Cir. 1967, 394 F.2d 287, cert. denied 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100 (1967). The judge did not abuse his discretion in allowing the evidence of this call to go to the jury. *United States v. John*, 7 Cir. 1975, 518 F.2d 705; *United States v. Biondo*, 8 Cir. 1974, 483 F.2d 635, cert. denied 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974).

The other issues raised by appellants are likewise without merit.

The judgment of the district court is AFFIRMED.