**Darriel TIDWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0047–CR.**

Court of Appeals of Texas, Tyler.

Sept. 16, 1982.

Clifton L. Holmes, Kilgore, for appellant.

Dwight Brannon, Criminal Dist. Atty., Gilmer, for appellee.

McKAY, Justice.

Appellant was convicted of involuntary manslaughter and his punishment assessed at ten (10) years confinement in the Department of Corrections.

In his first ground of error appellant complains that the trial court erred in admitting the testimony of the State's witness Bradley regarding a telephone conversation Bradley had with a man who identified himself as Darriel Tidwell.

Appellant was charged with killing a negro man named Willie Wallace, Jr. Appellant lived in or near Gilmer, and Wallace lived in or near Kilgore. Bradley testified that during the week prior to November 7, 1977, the date alleged in the indictment, he received a telephone call from a man who identified himself as Darriel Tidwell and requested some information concerning Willie Wallace, Jr., known as Jack. He said he did not know anyone named Darriel Tidwell, but his voice appeared to be that of an adult white male. Bradley said that the caller asked him to relate anything he knew about Wallace because Wallace had been seen around his residence and the caller felt he was attempting to burglarize his home.

The witness Jack Brown, called by the State, testified he lived in Overton, Texas, he was 34 years of age and had lived in Overton 34 years. Brown said that he saw the appellant on November 7, 1977, at the Thrifty Man, a grocery and service station in Kilgore on Highway 135, between 8:30 and 9:00 p.m. After Brown cashed his check and while he was putting gas in his car he first saw appellant drive up in "a

light dark colored car ... Monte Carlo or either Grand Prix." He said a "yellow T-Bird, it was a nice looking car, it pulled in first," and there were two black people in it—one man and a lady who got out and went into the store. The man stayed in the car and opened his door when the Monte Carlo pulled in behind him—the same Monte Carlo appellant was in. Brown further testified that appellant "got out of his car and walked over there and he had a pistol in his hand. I could see it good. It was a .25 automatic, white pearl handled." Brown said appellant told the deceased to get out and deceased answered "No, I can't get out," and appellant said "If you don't get out I will shoot you right here."

Brown further said the black man got out and walked behind his car and got into the back seat of the Monte Carlo. The lady in appellant's car got under the steering wheel of the Monte Carlo and appellant was standing near the black man and had a pistol in his back when he was getting in the car, and then appellant got into the back seat and the car drove off. Brown said as he was leaving the store the same Monte Carlo that he had seen drive toward Kilgore turned around and headed toward Gilmer and Gladewater and the black woman asked "Would you take me home?" He was contacted about 2:30 or 5:00 a.m. the same night by officers from Henderson and he made a statement at the Kilgore police department to an Upshur County deputy. Brown testified he was positive appellant was the same man he saw that night in Kilgore.

On the issue of the admissibility of a telephone conversation *Gleason v. Davis,* 155 Tex. 467, 289 S.W.2d 228, 232 (Tex.1956) states the general rule:

> The general rule is that while it is necessary to the admission of testimony as to the contents of a telephone conversation to establish the identity of the person with whom the witness talked, such identity is regarded as established if the witness says he identified the voice of the person with whom he talked. Or, if a call is made to a business office over a line maintained by it for business purposes, the conversation will be admitted if such person represents that he is the person called and is one authorized to take the message, in the absence of proof to the contrary. [Authorities omitted.] Also, if the message reveals that the speaker had knowledge of facts that only the speaker would be likely to know, authenticity will be regarded as established.

It was said in *Texas Candy & Nut Co. v. Horton,* 235 S.W.2d 518, 521 (Tex.Civ.App.—Dallas 1950, writ ref'd n.r.e.):

> The general rule applicable to such conversations over telephone is well settled. When the party called over a telephone depends entirely upon the word of the party calling as to his identity, the conversation is hearsay and not admissible. If, however, the party calling, in addition to his statement of his identity, relates facts and circumstances which, taken with other established facts, tend to reveal his identity, then the conversation is admissible. Such evidence makes a question of fact as to such identity of the person calling.

*Texas Candy & Nut Co. v. Horton* cites *National Aid Life Ass'n v. Murphy,* 78 S.W.2d 223, 229 (Tex.Civ.App.—Dallas 1934, writ dism'd), and *Thomasson v. Davis,* 74 S.W.2d 557, 559 (Tex.Civ.App.—Dallas 1934, writ dism'd). See also *Tarkington v. Beneficial Finance Co. of Port Arthur,* 516 S.W.2d 722, 724–725 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.), and *United States v. Martinez,* 555 F.2d 1248, 1249–50 (U.S.Ct. of App., 5th Cir.1977, certiorari denied 434 U.S. 924, 98 S.Ct. 404, 54 L.Ed.2d 282, rehearing denied 434 U.S. 1025, 98 S.Ct. 754, 54 L.Ed. 774).

■ Where the party calling does relate facts or circumstances tending to show his identity, or, by the related facts and circumstances, his identity may thereafter be proved, the conversation is competent evidence to show that the call came from the person he claimed to be. *Thomasson v. Davis, supra.* Stated another way—when a party called by telephone depends entirely upon the party calling as to his identity, the

ensuing conversation is hearsay and inadmissible; but where the connected and related facts and circumstances tend to reveal the identity of the person calling, the conversation is admissible. *National Aid Life Ass'n v. Murphy, supra.*

█ It is our view that the telephone conversation between Officer Bradley and a person who identified himself as Darriel Tidwell was admissible. The appellant sought information from Bradley about the deceased Wallace. The witness Jack Brown testified that appellant, on the date he was alleged to have killed the deceased, not only was in Kilgore but also, with a pistol in hand, ordered deceased to get out of his car and into appellant's car. Brown further said the black man and appellant were in the back seat and the lady with appellant was driving appellant's car last seen going in the direction of Gladewater and Gilmer. Officer Tim Phillips of the Gilmer police testified that appellant told him shortly after he shot the deceased that he had earlier notified the Kilgore Police Department of the license number of a negro male that had previously been at his house and had said to them "if he caught that Negro male in his house again that he would shoot him." We conclude the connected and related facts and circumstances reveal or tend to reveal the identity of the person who called Officer Bradley inquiring about the deceased Wallace. Appellant's first ground of error is overruled.

█ In his second ground of error appellant complains that the trial court erred in admitting the testimony of the witness Jack Brown because the in-court identification of appellant was tainted and not of independent origin. The trial court held a hearing out of the presence of the jury on appellant's motion to disallow the testimony of Brown concerning identification of appellant on the ground it was tainted. After such hearing the motion to exclude was overruled. In our view the hearing and the evidence adduced from the witness Brown conformed to the requirements set out in *Spencer v. State,* 466 S.W.2d 749, 752 (Tex. Cr.App.1971). The record reveals that

Brown had seen appellant in Kilgore the night the deceased was killed and had observed him with a pistol causing a Negro man to get in a car with him. His identification of appellant was positive even though his description of the color of appellant's hair or the type of hat he wore or other details were somewhat less than positive. He also testified he had seen appellant in the courthouse before he testified.

It is our view that appellant's complaint is directed more to the weight to be given to Brown's testimony than to its admissibility—such issue being for the jury. We find no error in the conclusion of the trial court that Brown's testimony was not tainted and was therefore admissible. The second ground of error is overruled.

█ Appellant next contends that there was error in permitting the State's attorney to argue that the appellant beat his wife. The argument complained of was:

And, then, Ladies and Gentlemen, just like Officer Phillips testified and that photograph shows about that bruise on Mrs. Tidwell, Mr. Tidwell, the defendant, found out where Willie Wallace was.

Appellant argues that the State's argument "did interject matters entirely outside the record; e.g. that the Defendant had beaten his wife, forcing her to reveal the whereabouts of the deceased," and that the purpose of such argument was to inflame and prejudice the jury. Appellant relies upon *Berryhill v. State,* 501 S.W.2d 86 (Tex.Cr. App.1973), and *Stearn v. State,* 487 S.W.2d 734 (Tex.Cr.App.1972).

It is without dispute in the record that Mrs. Tidwell had bruises on her face. The State was entitled to make reasonable deductions from the evidence in the case. In our view the argument of the State was a reasonable deduction that appellant may have beaten his wife in order to obtain information about the deceased. Annie Lou Wallace testified that Mrs. (Joan) Tidwell and the deceased were "going together," and that she would be at the washateria and "Jack would bring her by here." *McClory v. State,* 510 S.W.2d 932, 934 (Tex.

Cr.App.1974); *Stearn v. State, supra; Bourg v. State,* 484 S.W.2d 724, 725 (Tex.Cr. App.1972); *Mauldin v. State,* 463 S.W.2d 10, 13 (Tex.Cr.App.1971). Ground of error three is overruled.

It is next argued by appellant that the State's jury argument at the punishment phase that deceased had been on his knees begging for his life at the time he was shot was error. The record reveals that the deceased was shot in the knee with a shotgun and in the chest area with a pistol, and that the trajectory of the bullets from the pistol was at an angle downward from the point where they entered his chest. We are of the opinion that such argument was a reasonable deduction from the evidence. Ground of error four is overruled.

It is contended in appellant's last ground of error that the trial court erred in admitting photographs of appellant's wife. We overrule this ground. Section 19.06 of the Penal Code provides that the State or the defendant in prosecutions for murder or manslaughter may offer evidence "as to all relevant facts and circumstances surrounding the killing" and "going to show the condition of the mind of the accused at the time of the offense." This ground of error is overruled.

Finding no reversible error the judgment of the trial court is affirmed.