James G. SORCE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–633–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 6, 1987.

David R. Bires, Houston, for appellant.

John B. Holmes, Jr., Cathleen Herasim-chuk, Jean Spralding, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

A jury convicted appellant of attempted theft of property valued at $20,000 or more, enhanced by one prior conviction, and assessed punishment at 20 years in the Texas Department of Corrections and a fine of $10,000. The conviction arose out of appellant's participation in an herbal cancer treatment promotion. He raises eighteen points of error involving the adequacy of the indictment, sufficiency of the evidence, the validity of a search warrant, admissibility of tape recordings of conversations with other parties to the crime, and the court's failure to instruct the jury on a lesser-included offense. We affirm.

In the first three points of error appellant attacks the adequacy of the indictment and urges that the trial court erred in overruling his motion to quash the indictment, his motion for new trial, and his motion in arrest of judgment. All three motions were based upon the supposed failure of the indictment to allege that an offense against the law was committed by the appellant.

The indictment alleged that appellant did unlawfully:

attempt to acquire and otherwise exercise control over property, other than real property, namely, money owned by LEO FISHER, Also Known as FRANK FISHBECK, a person having a greater right to possession of the property than the Defendant, and hereafter styled the Complainant, of the value of twenty thousand dollars or more and with the intent to deprive the Complainant of the property by withholding the property from the Complainant permanently, and without the effective consent of the Complainant, by doing an act with the specific intent to commit the offense of felony

theft of twenty thousand dollars or more, which act amounted to more than mere preparation that tended to, but failed to effect the commission of the intended offense, namely: the Defendant placed an advertisement in a Tucson, Arizona Newspaper, known as the Tucson Citizen, which advertisement is duplicated below, and by representing to the Complainant in a telephone conversation that Landford and Associates could arrange for the Complainant's brother to be treated for cancer herbally in a clinic in Africa by a Doctor Mario Kirov and that a fee of twenty thousand dollars or more was the cost of Doctor Kirov's Cancer Cure Treatment Program which was required to be paid in Africa after arrival for treatment:

An actual-size photocopy of an advertisement was included after the last colon. An enhancement paragraph followed.

Appellant argues that the indictment fails to allege attempted theft because placing an advertisement in a newspaper and representing in a telephone conversation that Landford & Associates could arrange for someone to be treated for cancer are innocent acts that fail to show the commission of the offense of attempted theft absent additional allegations to the effect that the cancer cure treatment was unavailable or worthless. He cites *Posey v. State,* 545 S.W.2d 162 (Tex.Crim.App.1977).

Appellant focuses only on the specific allegations that follow the first colon detailing the particular acts of placing the advertisement and making representations. He ignores the first half of the paragraph that tracks the language of the attempt and theft provisions of the penal code thereby alleging each and every essential element of the offense of attempt. *See* Tex.Penal Code Ann. § 15.01 (Vernon Supp.1987). The language following the first colon sets out factual allegations relating to the underlying offense of theft. "There need not be an allegation of all constituent elements of the offense of theft in an information or charge dealing with the offense of attempt." *Inman v. State,* 650 S.W.2d 417, 420 (Tex.Crim.App.1983). That the state pleaded more specifically than it was required to do does not vitiate the indictment. *Id; Johnson v. State,* 384 S.W.2d 885, 886 (Tex.Crim.App.1964). We overrule points of error one, two, and three.

A quick summary of the evidence needs to precede discussion of the next points of error. Leo Paul Fisher, a special agent with the Arizona Attorney General's Office, called a toll-free number found in an ad in the Tucson Citizen newspaper offering a "proven effective" herbal cancer treatment for sale. Fisher called that number twice and left a message (using the name Frank Fishbeck). He was called back by someone who identified himself as John Barnett of Landford & Associates. Fisher said he had a brother who was dying of cancer. Barnett told Fisher about an effective herbal cancer cure a Dr. Mario Kirov, working out of a clinic in Swaziland, South Africa, could perform for $25,000, payable by cashier's check in one sum or stretched out over time. Barnett promised to send written materials. Later, Fisher called a Houston number provided by the answering service and again talked to Barnett. Using a number supplied by Barnett, Fisher also called Dr. Kirov in Pretoria, South Africa. Kirov told Mr. Fisher that "I cure any type of cancer." He said that he had already cured, in secret, over 1,000 cancer patients. "I can cure cancer like a cold in the nose," Dr. Kirov said.

In other phone calls Barnett said another person from the same office of Landford & Associates would be calling soon. Appellant, James Sorce, called Mr. Fisher and told him that Kirov had cured him of kidney disease with orchid seeds and gave assurances that the treatment worked. He stated: "I know myself, personally, of twelve people that I saw myself that had cancer.... absolutely, positively Dr. Kirov can cure cancer." Fisher also received brochures and testimonials (admitted into evidence) describing the herbal treatment and Dr. Kirov's clinic with a form at the end to send for more information by writing Landford & Associates, 4500 Bissonnet, Suite 380, Houston, Texas. John Barnett provided visa application forms, gave instructions

on filling them out, and offered to get the applications processed in Houston.

The six telephone calls were taped and forwarded to law enforcement people in Houston. A search warrant affidavit was submitted by Rose Ann Reeser, a Texas assistant attorney general in consumer fraud protection. Ms. Reeser knew appellant as the former president of Major Funding Corporation and had been to his offices at 4500 Bissonnet, Suites 380 and 390. Telephone company personnel reported that the Houston number Fisher had called was billed to Major Funding Corporation at 4500 Bissonnet Suite 380. Reeser's affidavit summarizes the calls detailed above and attached and incorporated by reference copies of the advertisement and brochures sent to Fisher by Barnett. The affidavit describes the offices at 4500 Bissonnet and states that suites 380 and 390 are contiguous and room 355 was across the hall and (according to building management personnel) leased by Landford & Associates.

The search warrant authorized a search of all three suites for records and documents pertinent to the purported herbal cancer cure. When the warrant was executed, appellant was found at a desk in suite 380. He denied knowing anything about John Landford, John Barnett, or Landford & Associates. However, cancer cure brochures, proofs and tear sheets for more herbal treatment ads, Landford & Associates stationery, lease agreements and other papers were found on appellant's desk and credenza.

The state's case for attempted theft was based upon the theory that appellant, John Barnett, and Dr. Kirov attempted to deceive Fisher and induce him into turning over to them $25,000 for a cancer treatment that would cure his brother. Under the definitions of sections 31.01 and 31.03 of the penal code, if they had achieved that goal, they would have been guilty of theft. *See Swope v. State,* 723 S.W.2d 216 (Tex. App.—Austin 1986, no pet.); Tex.Penal Code Ann. §§ 31.01, 31.03 (Vernon 1974 and Supp.1987). The charge included instructions on the law of parties, to which no complaint is made.

■ In point of error four, appellant contends that the evidence is insufficient to support the conviction of attempted theft because there is (1) no evidence that Fisher was deceived and (2) no evidence that the representations and information provided by appellant, Barnett, and Kirov were deceptive. Fisher testified that he never believed that the treatment would cure cancer and never intended to pay $25,000. The offense of theft by deception or false pretext does not occur if the supposed victim handed over property knowing the defendant's representations were untrue. *Swope v. State,* 723 S.W.2d at 223; *Nickson v. State,* 147 Tex.Cr.R. 316, 180 S.W.2d 161, 163 (1944); Searcy & Patterson, *Practice Commentary,* Tex.Penal Code Ann. § 31.-03 (Vernon 1974).

■ However, this is an attempt case. The state need not prove that appellant succeeded in all of the elements of the intended crime. *McCravy v. State,* 642 S.W.2d 450, 460 (Tex.Crim.App.1982) (opinion on reh'g). The culpable mental state of the offense of attempt is that the appellant had the specific intent to commit an offense, in this case, theft by deception. We hold that the state can and did prove appellant's intent to deceive without proving that the victim of his attempt was actually taken in by appellant's deception. Our holding is consistent with decisions of many other jurisdictions. *See California v. Anderson,* 55 Cal.2d 655, 12 Cal.Rptr. 500, 361 P.2d 32, *cert. denied* 368 U.S. 931, 82 S.Ct. 368, 7 L.Ed.2d 193 (1961); *California v. Ryan,* 103 Cal.App.2d 904, 230 P.2d 359 (1951); *Commonwealth v. Johnson,* 312 Pa. 140, 167 A. 344 (1933); *Franczkowski v. Maryland,* 239 Md. 126, 210 A.2d 504, 6 A.L.R.3d 238 (Ct.App.1965); Annotation, *Attempts to Commit Offenses of Larceny by Trick, Confidence Game, False Pretences, and the Like,* 6 A.L.R.3d 241 (1966).

The second prong of appellant's argument under point of error four is that the state failed to prove that the African treatment facility did not exist or that the treatment was ineffective. In other words, appellant claims there is no proof of deception

because there is no proof that any of the information relayed amounted to misrepresentations or that the appellant knew that misrepresentations were being made.

In reviewing the sufficiency of the evidence to support a criminal conviction we determine whether the record could reasonably support a finding of guilt beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g). All of the evidence is to be considered in the light most favorable to the prosecution. *Id.*

We hold that the record supports the reasonable conclusion that, beyond a reasonable doubt, appellant, Barnett, and Kirov represented that they could provide a cancer treatment that could cure all types of cancer in four months and that such representation was deceptive as defined in the penal code.

Appellant told Fisher "I know myself, personally of twelve people that I saw myself that had cancer.... absolutely, positively Dr. Kirov can cure cancer." Appellant identified himself to Fisher as an employee of Landford & Associates, the firm that distributed to Fisher a brochure stating that Kirov had cured over one thousand cases of cancer and that he could cure "people suffering from all types and stages of cancer." Evidence that these representations were false came from the expert testimony of a cancer specialist (practicing medical oncology) that very few types of cancer can be cured, and that in his opinion cancer cannot be cured with herbs. Appellant's own expert agreed that no one treatment can cure all types of cancer in four months.

When served with the search warrant appellant denied any knowledge of or participation with Landford & Associates or any knowledge of the activities of the cancer treatment company. This denial is strong inferential evidence that appellant knew that the representations made by the company were false and deceptive.

This is ample evidence that appellant attempted theft by deception. The record supports the conclusion he both (1) attempted to create or confirm by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction and that appellant did not believe to be true (Tex.Penal Code Ann. § 31.01(2)(A) (Vernon 1974)) and (2) promised performance that was likely to affect the judgment of another in the transaction and that the appellant did not intend to perform or knew would not be performed. (Tex.Penal Code Ann. § 31.-01(2)(E) (Vernon 1974)). There is nothing in the attempt or theft statutes or in the indictment that would require, as appellant suggests, that the state also disprove the existence of Dr. Kirov and/or his herbal treatment. Point of error four is overruled.

In the fifth point of error appellant urges that the evidence is insufficient because the overt acts proven did not amount to more than mere preparation. No money exchanged hands. Payment was not due until the patient arrived in Africa and was accepted for treatment. "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a) (Vernon Supp. 1987). The court of criminal appeals has recognized that there is an "imaginary line" that separates mere preparatory conduct which is usually noncriminal, from an act which tends to effect the commission of an offense, which is always criminal conduct. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984); *McCravy v. State*, 642 S.W.2d 450, 460 (Tex.Crim.App. 1980). The fact that an appellant could have taken further actions without actually committing the offense does not act so as to render his actions nothing more than mere preparation. *Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex.Crim.App.1981). Where the imaginary line is to be drawn depends upon the nature of the crime attempted and must be considered on a case-by-case basis. *Gibbons v. State*, 634 S.W.2d 700, 707 (Tex.Crim.App.1982).

Reviewing the evidence in the light most favorable to the verdict, the record shows that appellant, Barnett, and Kirov had engaged in six telephone conversations with Fisher, mailed him written information, discussed payment plans, provided visa applications, and offered to submit them for quick processing. Because of the nature of the crime intended, theft by deception, the main acts left to complete the transaction were to be done by the intended victim. He was to fly to Africa and pay $25,000 for the privilege of drinking a mixture of herbs. We hold that the acts done by appellant, Barnett, and Kirov amount to more than mere preparation and tended but failed to effect the commission of the offense. Point of error five is overruled.

Points of error six and seven follow the general theme of points one through five, but as it relates to the court's failure to grant appellant's motion to suppress evidence seized during the execution of the search warrant. Appellant contends that the affidavit of Ms. Reeser was insufficient to support the issuance of a search warrant because it did not establish that there was probable cause to suspect a specific offense had been committed (point six) or that the property or items constituting evidence to be searched for or seized were located at or on the particular place to be searched (point seven). *See* Tex.Code Crim.Proc. Ann. art. 18.01(c) (Vernon Supp.1987). Both points are without merit.

Early in the affidavit Reeser stated that she had reason to believe and did believe that appellant and John Barnett were conducting an interstate fraudulent solicitation emanating from suites 380, 390, and 355 at 4500 Bissonnet, Bellaire, Harris County, and that "the solicitation constitutes the offense of attempted felony theft and Deceptive Business Practices." Appellant complains that the affidavit does not allege (1) that the treatment is in fact fraudulent or ineffective, or (2) that the person who contacted the unnamed agent (Fisher) was not in fact a former cancer patient cured by the treatment promoted.

Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to justify a common sense conclusion that the object of the search is probably on the stated premises at the time the warrant is issued. *Illinois v. Gates,* 462 U.S. 213, 239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Hennessy v. State,* 660 S.W.2d 87, 89 (Tex.Crim.App.1983). A search warrant must be read in a common sense and realistic manner, and reasonable inferences may be drawn from the facts and circumstances contained in its four corners. *Gates,* 462 U.S. at 230–31, 103 S.Ct. at 2328; *Lopez v. State,* 535 S.W.2d 643, 647 (Tex.Crim.App.1976); *Winkles v. State,* 634 S.W.2d 289, 298 (Tex.Crim.App.1982) (opinion on reh'g). A reasonably prudent and cautious magistrate would be warranted in believing the statements contained in the brochures included by reference in the affidavit were false and misleading. Point of error six is overruled.

The affidavit more than adequately states facts that support the affiant's belief that the warrant was issued for the correct premises. The herbal cancer cure return form incorporated by reference into the affidavit states that the treatment was being offered by Landford & Associates, 4500 Bissonnet, Suite 380, the same suite that Reeser had visited when conducting investigations concerning Major Funding Corporation and James Source. Point of error seven is overruled.

In points of error eight through twelve the appellant claims that the trial court erred in admitting four tape recordings between Leo Fisher and John Barnett (exhibits 4, 5, 6, and 7) and one between Leo Fisher and Dr. Kirov (exhibit 8). Appellant contends that a proper predicate for admission of the tapes was missing because Leo Fisher could not positively identify the voices at the other end of the line as those of Barnett and Kirov. The identity of the speakers is one of the seven prongs in laying the predicate for admissibility of sound recordings. *Edwards v. State,* 551 S.W.2d 731, 733 (Tex.Crim.App.1977). Appellant also contends that inaudible portions of exhibit 4 render the entire tape inadmissible because the state did not show

that the recording device was capable of taking testimony, another of the *Edwards* criteria for admissibility. *Id.*

 The determination of whether a party has complied with the proper predicate for the introduction of tape recordings is discretionary with the trial court. On appellate review, an abuse of this discretion must be shown before an appellate court can find error in admitting the tapes into evidence. *McEntyre v. State,* 717 S.W.2d 140, 146 (Tex.App.—Houston [1st Dist.] 1986, no pet.).

 There are two long-accepted ways to establish the identity of a voice in a telephone conversation. Where the telephone message reveals that the speaker had knowledge of acts that only the speaker would be likely to know, identity is sufficiently established. *Earnhart v. State,* 582 S.W.2d 444, 448 (Tex.Crim.App.1979). Where a telephone call is made to a business office (here Landford & Associates) over a line maintained for business purposes, the conversation will be admitted in evidence if the person who answers represents that he is the person called and is the one authorized to take the message and there is no proof to the contrary. *Gleason v. Davis,* 155 Tex. 467, 289 S.W.2d 228, 232 (1956); *Tidwell v. State,* 646 S.W.2d 474, 476 (Tex.App.—Tyler 1982, pet. ref'd).

 Leo Fisher testified that he called the 1–800 number given in the advertisement twice and left a message to call Leo Fishbeck at a number he used only for undercover operations. Exhibit 4 is the tape recording of the first call answering his message. It begins: "This is John Barnett from Landford & Associates in Houston. I'm returning your call regarding the cancer treatment that we advertised probably in the Arizona paper there. Any information I can give you?" The tape ends with a repetition of the speaker identifying himself as John Barnett and the promise that the speaker would send written material. Leo Fisher soon received material addressed to Leo Fishbeck. The mail-out stated that the treatment was being offered by Landford & Associates. This was sufficient self-identification and circum-

stantial evidence to show that the person who called in exhibit 4 was John Barnett.

 In state's exhibit 7 a person, again identifying himself as John Barnett in the same voice as in earlier conversations, called the Fishbeck number and discussed how a co-worker at Landford & Associates would soon be calling him. Appellant called a few days later and identified himself as James Sorce, an employee of Landford & Associates and a patient of Dr. Kirov. Again, the combination of self-identification and circumstantial evidence sufficiently established the identity of the speaker in exhibit 7 as Barnett.

 In state's exhibits 5 and 6 Fisher placed the call to the Houston number of Landford & Associates (provided by the 1–800 number answering service) and spoke to the same person who identified himself as John Barnett in exhibit 4. These tapes fit within the business call rule discussed above.

 Finally, exhibit 8 is a tape recording of a call placed by Fisher to a telephone number in South Africa given him by Barnett. The recipient of the call identified himself as Dr. Mario Kirov and relayed facts and circumstances about himself, his "cure" and his associates in Houston that only Dr. Kirov could know about. The state sufficiently identified the speakers in all the tapes.

 Portions of exhibit 4 are difficult but not impossible to understand. Fisher had a technical problem with his tape recorder, but he testified that the exhibit was a fair and accurate rendition of the original conversation. The court did not err in admitting the tape. *See McEntyre v. State,* 717 S.W.2d at 147 (seven-minute gap and other inaudible sections did not render tape recordings inadmissible since the discrepancies and omissions were explained.) Points of error eight through twelve are overruled.

 In points of error thirteen through seventeen appellant contends that it was error to admit the Barnett and Kirov tape recordings because the state did not

establish that they fell under any exception to the hearsay rule. The statements of co-conspirators are admissible if the offering party has shown, by the preponderance of the evidence, the existence of an ongoing conspiracy, the conspiracy included the declarant and the party opponent, the statement was made when the conspiracy was still effective and the statement was made in furtherance of the conspiracy. *See Armentrout v. State,* 645 S.W.2d 298, 301 (Tex.Crim.App.1983). The state must show by evidence independent of the statements of the alleged conspirators the "acting together of the parties" and "a participation or interest of the accused in the commission of the crime." *Id; Burkhalter v. State,* 655 S.W.2d 215 (Tex.App.—Corpus Christi 1982, pet. dism'd). The conspiracy may be proved by making reasonable inferences from the surrounding circumstances. *Armentrout,* 645 S.W.2d at 301.

 Some of the evidence that demonstrated an ongoing conspiracy between John Barnett, Mario Kirov, and appellant included: (1) the telephone number for Landford & Associates was billed to Major Funding at 4500 Bissonnet; (2) appellant had been president of Major Funding; (3) Suite 380, the appellant's office, is the return address for the Landford & Associates herbal cancer "cure" material; (4) numerous records, papers, files, and documents, some of which were signed "Barnett" and "J.B." were found on the appellant's desk; (5) copies of the same brochure sent to Fisher by John Barnett were found on the office desks of Suite 380 and 355; (6) Suite 355, across the hall from Suite 380, was rented to a John Landford D/B/A Landford & Associates Advertising; and (7) appellant identified himself as an employee of Landford & Associates in his call to Fisher. This evidence is more than sufficient independent proof of an ongoing conspiracy. Points of error thirteen through seventeen are overruled.

In his last point of error appellant contends that the trial court erred in failing to instruct the jury on the lesser-included offense of attempted theft of property of the value of $750 or more, but less than $20,-000.

 In two of the three payment plans offered in Landford & Associates literature, a patient could begin treatment after putting down a partial payment of $10,000. Appellant concludes from his reading of the material that a patient that became dissatisfied with the treatment would not have to make any further payments. However, the material cited does not say that dissatisfied customers were not obliged to pay the entire $25,000. John Barnett told Fisher that "there is a set amount" of $25,000 which could be paid in one of three ways. There was no discussion of discontinuation of payments if the patient became dissatisfied or died. Before a charge is required on a lesser-included offense, there must be some evidence that a defendant, if guilty, is guilty only of the lesser-included offense. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985). The culpable mental state required for criminal attempt is intent to commit the offense. *Robinson v. State,* 665 S.W.2d 826, 829 (Tex.App.—Austin 1984, pet. ref'd). There is no evidence to suggest that appellant had a specific intent to defraud Fisher of anything less than $25,000. Point of error eighteen is overruled.

The conviction is affirmed.