# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50071
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIAZAR GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-164-16

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.
PER CURIAM:[*]

Eliazar Garza appeals his conviction for conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture and substance containing methamphetamine. He argues that the district court abused its discretion by allowing the introduction of certain wiretap recordings without testimony identifying his voice as one of the voices heard on those recordings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50071

We review evidentiary rulings for an abuse of discretion. *See United States v. Girod,* 646 F.3d 304, 318 (5th Cir. 2011); *see also United States v. Biggins,* 551 F.2d 64, 66 (5th Cir. 1977) ("[T]he trial judge has broad discretion in determining whether to allow a recording to be played before the jury.").

In prior opinions, we have declined to adopt "any formulistic standard to guide the admissibility of tapes and transcripts." *United States v. Greenfield,* 574 F.2d 305, 307 (5th Cir. 1978). However, as a general rule, introduction of a sound recording at a criminal trial requires the prosecution to demonstrate, inter alia, the identities of the relevant speakers. *Biggins,* 551 F.2d at 66. If the identification of a voice is in question, testimony identifying the voice may be "based on hearing the voice at any time under circumstances that connect it with the alleged speaker." FED R. EVID. 901(b)(5).

Although the Government did not present any witness who could directly identify Garza's voice on the recordings, we have repeatedly held that identity may be shown by circumstantial evidence. *See United States v. Martinez,* 555 F.2d 1248, 1249-50 (5th Cir. 1977); *United States v. Palos,* 416 F.2d 438, 440 (5th Cir. 1969) ("Circumstantial evidence however can be used to establish the identity of the person called."). Other evidence that is consistent with the recorded conversations also may help establish the identity of a voice. *See, e.g., United States v. Franklin,* 561 F.3d 398, 406 (5th Cir. 2009).

Based upon our review of the record, there was sufficient circumstantial evidence that it was Garza's voice on the recordings to allow the admission of those recordings into evidence. *See Martinez,* 555 F.2d at 1249-50; *Franklin,* 561 F.3d at 406. Therefore, we conclude that the district court did not abuse its discretion. *See Girod,* 646 F.3d at 318.

AFFIRMED.